## Marie Augenstein, Defendant in Error, v. William C. Augenstein, Plaintiff in Error.

### Gen. No. 36,714.

Opinion filed May 2, 1934.

OTTO SCHUSTERMAN, for plaintiff in error.

JUUL & BOTH. for defendant in error.

Mr. Presiding Justice Hall delivered the opinion of the court.

By this writ of error, defendant seeks the reversal of a decree of the circuit court of Cook county granting complainant separate maintenance. The decree also dismisses defendant's cross-bill, in which he charges complainant with desertion.

The principal grounds for reversal raised by defendant are that there is no charge in the bill for separate maintenance that complainant is living separate and apart from defendant *without her fault,* and that there is no allegation that he is a resident of the county in which the action is brought. The charge in the bill is that complainant ''lived with him as his wife until the 4th day of January, 1930, when he abandoned and deserted her without any reasonable cause, and that he has persisted in such desertion and abandonment.'' The finding in the decree is that ''defendant abandoned and deserted complainant *without any reasonable cause.''*

Cahill's St. ch. 68, ¶ 22 (Smith-Hurd's Illinois Revised Statutes, 1931, chapter 68, section 22) is as follows:

''That married women, who, *without their fault,* now live or hereafter may live separate and apart from their husbands, may have their remedy in equity, in their own names respectively, against their said husbands in the Circuit Court of the county where the husband resides, for a reasonable support and maintenance while they so live or have so lived separate and apart; and in determining the amount to be allowed the court shall have reference to the condition in life of the parties at the place of residence of the husband, and the circumstances of the respective cases; and the court at any time, after service of summons and proper notice to the husband, may make such allowance of temporary alimony, attorney's fees, and suit money as may appear just and equitable, as in cases of di-

vorce; the court may, however, in its discretion, reserve the question of the allowance of attorney's fees and suit money until the final hearing of the case, and may then make such order with reference thereto as may seem just and equitable, regardless of the disposition of the case. (As amended by L. 1929, page 507, June 10, July 1.)'' (Italics ours.)

"Reasonable" is defined in the Standard Dictionary as "within reason; properly." "Cause" is defined as any "occasion or condition upon the occurrence of which an event takes place." "Fault" is defined as "in the wrong; worthy of blame." The statute is very definite. Only "married women, who, *without their fault,* now live or hereafter may live separate and apart from their husbands," may have separate maintenance.

The charge in a bill and the finding in a decree that one without reasonable cause does something, is not a charge nor a finding that he is "in the wrong." The charge that there was no reasonable cause which would justify defendant in leaving his wife, does not at all negative the idea that complainant was at fault, "in the wrong" or "worthy of blame." Complainant's actions, whatever they may have been, are not taken into consideration by the charge in her bill, nor by the finding in the decree.

In *Helm v. Cantrell,* 59 Ill. 524, page 529, the Supreme Court said that in equity "no facts are properly in issue unless charged in the bill, and of course no proof can be generally offered of facts not in the bill, nor can relief be granted for matters not charged, although they may be apparent from other parts of the pleadings and evidence, for the court pronounces its decree *secundum allegata et probata.* The reason of this is, that the defendant may be apprised by the bill what the suggestions and allegations are against which he is to prepare his defense. Story Eq. Pl. sec. 257;

1 Dan. Ch. Pr. 377, *Fitzpatrick v. Beatty,* 1 Gilm. 455;
*Primmer v. Patten,* 32 Ill. 528; *Brainard v. Arnold,*
27 Conn. 617; *Bailey v. Ryder,* 10 N. Y. 363; *Crockett
v. Lee,* 7 Wheat. 522; *Jackson v. Ashton,* 11 Peters;
*James v. McKernon,* 6 Johns. 564.''

In *Raab v. Raab,* 150 Ill. App. 554, cited by appellant, this court held that ''the right to separate maintenance does not arise from the mere fact of the husband failing to support his wife, because, notwithstanding such dereliction, he may otherwise be a very acceptable husband of exemplary habits and conduct, and the wife may have ample means to support herself and family. She must be living separate and apart without her fault, and needing the support which her husband is able, although unwilling, to supply. The difficulty with the decree is that it makes no finding that complainant is living separate and apart from defendant without her fault. Without such fact being found, the chancellor had no jurisdiction to decree a separate maintenance or make any allowance. It is the policy of the law that the husband and wife shall live together, and living apart will not be tolerated without lawful excuse. The statute, being in derogation of the common law, must be strictly construed and nothing by way of intendment will be presumed. The wife seeking separate maintenance must by proof, supplemented with a finding, demonstrate that her case is within the statute and that she is living separate and apart from her husband without her fault, before the court has jurisdiction to decree a separate maintenance. (*Jenkins v. Jenkins,* 104 Ill. 134; *Johnson v. Johnson,* 125 ibid. 510.)'' In the *Raab* case, however, there was no certificate of evidence filed, and the Appellate Court had nothing before it, other than the finding of the trial court. The finding of the court there was: ''The court doth find . . . the said Henry Raab to be guilty of wilfully neglecting to pro-

vide for the necessary and proper support and maintenance of the said Mary Raab, his wife, and Irving and Gilbert Raab, their children, . . . as charged in the bill of complaint.'' In the instant case, a certificate of evidence was filed, which contains the following as shown by the abstract: Mary Augenstein, complainant, testified that ''my husband left me January 5th, 1930. I lived there a year after he left me. Before Christmas he said he was going to leave, and I begged him not to leave before the holidays. He said he didn't care for me any more. While I lived with my husband, I treated him kindly. I did all the housework, and he treated me kindly before the year 1929, when I found out about the other woman. He asked me for a divorce, and I told him there would never be a divorce. During those years for the maintenance of the home, he gave me $100 in two weeks and $40 in two weeks. I got $140 in four weeks. I gave him $2,500 and $500. I had the money in a bank downtown in my maiden name. I had this money before I was married. I lost my job the day before yesterday. I was making $5.00 a week and board. I was married to the defendant for 16 years. The only work I can do is housework. I have no money of any kind now. The $3,000 was all I had.''

Richard Wagner testified that he had a conversation with the defendant in May, 1932; that he, meaning defendant, ''said that inasmuch as he could not continue to live with Marie, he wanted to have a divorce, that it was impossible to live with her, that he had nothing against her whatever, and that he had planned to break up their home by giving her evidence.''

Defendant, William C. Augenstein, testified that ''I lived with her until 1929. Every time I came home, there was an argument of some kind started, and finally I couldn't stand it any longer and I picked up and left. I couldn't happily live with her. She told me to get out and I finally did.''

The finding in the decree in the instant case that "Defendant abandoned and deserted complainant without reasonable cause," alone is insufficient to sustain the decree herein. However, as held in *Crow v. Harrison,* 248 Ill. 462, "the certificate of evidence in a chancery case is a part of the record and of the decree. *Railway Conductors' Benefit Ass'n v. Leonard,* 166 Ill. 154; *Bennett v. Bradford,* 132 id. 269."

From the testimony of the parties, as shown by the certificate of evidence, we can draw no other conclusion than that defendant deserted complainant without her fault.

It is further urged as a ground for reversal that there is no charge in the bill that defendant was a resident of Cook county at the time the bill for separate maintenance was filed. The statute quoted provides that action for separate maintenance must be brought "in the Circuit Court of the county where the husband resides." The bill in the instant case alleges that complainant is a resident of Cook county, and that on the 30th day of May, 1914, at Indianapolis she was married to the defendant and lived with him as his wife until the 4th day of January, 1930, when he abandoned her, but says nothing as to defendant's residence.

On the question as to whether or not the bill should contain an allegation that the defendant is a resident of the county in which the suit is brought, complainant cites the case of *MacKenzie v. MacKenzie,* 238 Ill. 616, as decisive of this question. There, in a suit brought for separate maintenance, defendant was found guilty of contempt for failing to observe the order for the payment of alimony. It was from this order that the appeal was taken. There was no allegation in the bill that defendant resided in the county where the suit was brought. There the defendant was a nonresident of the State, and had alleged in his answer that he

had come into the State "for the purpose (as stated by the Supreme Court) of attending the trial of criminal suits instituted against him for abandonment of his wife and child, and that while he was in the State of Illinois for that purpose, he was exempt from the service of summons," with which he was personally served. A plea of abatement had been filed to the bill, which was overruled. After the answer was filed, various proceedings were had. Among other things, the Supreme Court discussed the question raised here, and there is some language used by the court which indicates that such a suit is governed by the Chancery Act, and that a nonresident might be served by publication. Ultimately, however, the Supreme Court held that "in regard to the question of jurisdiction of the person of appellant, we think that was waived by a defense made to the rule to show cause why he should not be required to pay temporary allowances, so far, at least, as the application for such allowances was concerned." A reading of this opinion indicates that in the judgment of the Supreme Court defendant's appearance acted as a waiver of the question of want of jurisdiction, but only in so far as it affected the order for the payment of temporary allowances.

*Babbitt v. Babbitt,* 69 Ill. 277, was decided by the Supreme Court at the September Term, 1873. At that time, the statute provided that suit for separate maintenance might be instituted in the county where either the husband or wife resided. In that case, both of the parties had removed from Livingston county, where they had both resided and where suit was instituted. In that case, the Supreme Court held that "It is an indispensable requirement of the statute, that one of the parties shall reside in the county in which the proceedings are had. Without this the Circuit Court could not have jurisdiction." Since then the statute has been amended, and, as stated, provides that the

suit shall be brought in the county where the *defendant* resides, and the bill filed should contain an allegation that such is the fact.

The question then arises here whether or not in the absence of an allegation, that defendant was a resident of Cook county when the suit was started, there is anything in the record in either defendant's conduct, pleading, the service of process, or the filing of his appearance which waives this necessary allegation. The bill here was filed March 4, 1930. The summons was served in Cook county on March 7, 1930. At the March term of the circuit court of Cook county, defendant filed an answer in which he admitted that he was a resident of Cook county. On April 9, 1930, the defendant entered a general appearance in this cause.

In *Raab v. Raab, supra,* this court stated that "the jurisdiction of the court is challenged, but we think that the court had jurisdiction of the parties, because there is nothing in the separate maintenance provisions of the statute which requires any time residence as a condition precedent to confer jurisdiction. In this respect it differs from the one year residence required by the divorce statute. The statute confers the right to seek the remedy 'in the county where the husband resides.' The return of the sheriff upon the summons of service upon defendant, lacking contradiction, sufficiently establishes the residence of defendant in Cook County to fulfill the statutory requirements in that regard." Here the defendant waived any question of jurisdiction that might have been raised.

We are of the opinion that a case is made here which demonstrates that defendant deserted the complainant without her fault, and the decree of the circuit court is therefore affirmed.

*Affirmed.*

WILSON and HEBEL, JJ., concur.