## William K. Galeener, Appellee, v. J. Fred Hessel, Appellant.

### Gen. No. 9,053.

Opinion filed October 15, 1937. Rehearing denied January 4, 1938.

Dobbins, Dobbins, Barr & Thomas, of Urbana, for appellant; James G. Thomas, of Urbana, and John J. Bresee, of counsel.

Little & Finfrock, of Urbana, for appellee.

Mr. Presiding Justice Fulton delivered the opinion of the court.

The appellee, William K. Galeener, termed plaintiff in this opinion, filed his complaint in the circuit court of Champaign county, against the appellant J. Fred Hessel, the defendant in the cause, on January 25, 1936, and summons was duly served upon the said defendant. On January 30, 1936, the plaintiff moved to dismiss the complaint and the court ordered the cause dismissed at the cost of the plaintiff. It appearing that all costs had been paid, the cause was stricken from the docket. No notice was served upon the defendant or his attorneys of the said motion made by the plaintiff nor that an order had been entered dismissing the complaint. On February 11, 1936, which was prior to the first return day set forth in the

summons, the defendant moved to vacate the order of dismissal and for leave to file answer and counterclaim. On February 15, 1936, the court allowed the defendant's motion, vacated the order of dismissal, and granted defendant leave to file answer and counterclaim. Plaintiff thereupon entered a motion to strike the motion and counterclaim filed by defendant and a further motion for leave to dismiss the cause at his cost. On September 25, 1936, the plaintiff orally moved to withdraw his motions of February 15, 1936, and for leave to file demand for jury trial. The court thereupon granted the plaintiff leave to file said motions in writing by September 26, 1936. On the next day, September 26, the plaintiff moved to withdraw his motion made September 25, 1936, for leave to reinstate motions made by plaintiff on February 15, 1936. The court held the motions under advisement until December 4, 1936, and then allowed the plaintiff's motion to withdraw his motions made on September 25, 1936, and reinstated his motions of February 15, 1936. The court then granted the motion of plaintiff to strike the counterclaim filed by the defendant on February 15, 1936, and to dismiss the cause at plaintiff's costs. The defendant has prosecuted this appeal from the rulings of the court upon the pleadings.

There are no questions of fact involved in this appeal. The problems are questions of procedure, and propositions of law only are presented here for decision. The defendant, who is the appellant in this court, contends that the trial court should not have allowed the plaintiff, on September 26, 1936, to withdraw the oral motion made September 25, 1936, and to reinstate his motions made February 15, 1936, but we believe the main or principal question in this cause is whether or not a plaintiff may be permitted to dis-

miss his cause of action after service of summons, but before there is any appearance or answer on the part of the defendant on file, and before the first return day named in the summons. Section 52 of the Civil Practice Act provides as follows: ''The plaintiff may, at any time before trial or hearing begins, upon notice to the defendant or his attorney, and on the payment of costs, dismiss his action or any part thereof as to such defendant, without prejudice, by order filed in the cause.'' Ill. Rev. Stat. 1937, ch. 110, § 176; Jones Ill. Stats. Ann. 104.052.

We do not feel that the failure to notify defendant of the dismissal of his suit by plaintiff at his costs would in every case be reversible error. At common law a plaintiff could take a voluntary nonsuit as a matter of right at any time before the verdict was rendered in open court. Section 70 of the Practice Act of 1907 provided that every person desirous of suffering a nonsuit, shall be barred therefrom, unless he do so before the jury retire from the bar, or if the case is tried before the court, before the case is submitted for final decision. Under section 52 of the Civil Practice Act it would appear that a plaintiff has a right to dismissal at any time between the bringing of the suit and the entry upon the trial, upon giving notice to the defendant and the payment of costs. However, to say that under the circumstances of this case, a plaintiff does not have the right to discontinue or dismiss his suit upon such terms as the court may impose, which should include the payment of costs, is holding a party to an extremely strict interpretation of the Act. If the defendant upon a motion to vacate the order of dismissal can show that his rights have been prejudiced, or that he has been deprived of some substantive rights concerning his defenses, not available in another suit or that might be endangered by

the dismissal, then the cause should be reinstated, but the mere failure to give the notice to defendant without prejudice being shown is not fatal.

A great deal of confusion over the motions and the pleadings appears in this record, but it is our judgment that the control of all such matters and the procedure in the cause is under the control and within the discretion of the trial court.

Section 4 of the Civil Practice Act provides:
"This Act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties, and the rule that statutes in derogation of the common law must be strictly construed shall not apply to this Act or to the rules made pursuant thereto." Ill. Rev. Stat. 1937, ch. 110, § 128; Jones Ill. Stats. Ann. 104.004.

In the case of *Schornick v. Prudential Ins. Co.*, 277 Ill. App. 36, the strict provisions of the Practice Act regarding the manner of serving notice in perfecting an appeal were disregarded and the court said, "This Act was enacted to assist litigants in having their cases tried—not to keep them from trying their cases." Also, "We are not inclined to indulge in highly technical interpretations of the Act, especially until it is generally and uniformly understood." A similar rule was adopted in *Aetna Ins. Co. v. Illinois Cent. R. Co.*, 283 Ill. App. 527. While this court does not mean to be understood as disregarding, partially or otherwise, the plain provisions of the Civil Practice Act adopted for the orderly and convenient trial of cases, in this particular case we feel that the trial court did not abuse its discretion in permitting the plaintiff to withdraw its motions of September 25, and that the ruling on September 26, allowing the motion to strike the counterclaim of defendant and to dismiss the cause at plaintiff's costs was correct.

In the light of our conclusions, we do not deem it necessary to discuss the other questions raised in the briefs of counsel. The judgment of the circuit court is affirmed.

*Affirmed.*