Dorothy E. Russell, Appellee, v. Joseph G. Russell, Appellant.

Gen. No. 43,838.

Opinion filed November 19, 1946.   Released for publication December 3, 1946.

WELCH & HOFFMAN, of Chicago, for appellant; ABRAHAM W. BRUSSELL, of Chicago, of counsel.

SCHWARTZ & COOPER, of Chicago, for appellee; NORMAN H. NACHMAN and ROBERT B. COOK, both of Chicago, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

Defendant appeals from an interlocutory order entered May 29, 1946 restraining him from proceeding

with or prosecuting any divorce action against plaintiff in the State of Nevada or in any State other than Illinois, until the disposition of a pending separate maintenance suit brought by plaintiff in the superior court of Cook county wherein defendant has filed an answer and counterclaim for divorce.

Subsequent to their marriage in 1937 the parties resided in Chicago until their separation on July 10, 1941. On November 28 of that year plaintiff filed a complaint against her husband asking for a divorce on the ground of cruelty, which defendant answered on December 3, 1941 with a denial of the substantial allegations of the complaint. Thereafter, on January 20, 1942, he obtained leave of court and filed a counterclaim averring that ''he resides in the County of Cook; and has resided in the State of Illinois for more than one whole year next before the filing of this Counterclaim,'' charging two specific acts of cruelty and asking for a divorce on that ground. Later he joined the armed forces, and the cause was placed on the military calendar. He was released from military service some time prior to May 1946.

On May 10, 1946 plaintiff's father filed a petition alleging that his daughter was seriously ill suffering from an incapacitating mental illness and nervous ailment which so affected her emotions as to make it impossible for her to comprehend the issues involved in the action, or to prosecute her suit, or defend her personal and property rights in connection with defendant's counterclaim, and the court thereupon appointed Howard Blum as guardian *ad litem*.

Subsequently, on May 13, 1946, plaintiff, by her guardian *ad litem*, obtained leave of court and filed an amended complaint for separate maintenance and support, and at the same time asked for the allowance of temporary alimony, solicitors' fees and suit money.

On May 20, 1946 plaintiff, by her guardian *ad litem*, had leave to file instanter a petition for an order to

restrain defendant from filing any proceeding or con-tinuing with the prosecution of any suit for divorce or other domestic or matrimonial relief against plaintiff in any Nevada court or in any court other than in the State of Illinois until the disposition of plaintiff's action for separate maintenance, defendant's counter-claim for divorce, or until the further order of court. An order was entered granting defendant leave to answer the petition within five days, and the cause was set for hearing on the petition and answer at 10:30 in the forenoon on May 29, 1946.

May 24, 1946, which was four days after the filing of plaintiff's petition for a restraining order, defendant filed a divorce proceeding against plaintiff in the County of Washoe, Second Judicial District Court of the State of Nevada, and on May 29, 1946 he filed his answer to plaintiff's petition wherein he admitted "that he has filed an answer and counterclaim herein; that he has submitted himself to the jurisdiction of this court," but denied "that such submission in any way operates to preclude him from making an actual and bona fide change in his place of residence," and averred "that his establishment of a residence in the State of Nevada is actual and bona fide and that the same has not been done for any fraudulent or im-proper purpose."

Pursuant to a hearing on May 29, 1946, wherein both parties were represented by their respective counsel, Judge SCHWABA entered a decree finding that defend-ant had gone to the State of Nevada and "there estab-lished a fictitious and colorable residence for the pur-pose of fraudulently obtaining a divorce from plaintiff, and that such action by defendant constitutes a fraud upon plaintiff and is in furtherance of defendant's plans to evade the statutes of the State of Illinois and is in fraud of the laws and public policy of this State; that plaintiff, Dorothy E. Russell, is seriously ill and is suffering from an incapacitating mental illness and

nervous ailment and is without personal income, property or means with which to support or maintain herself, and that she will be burdened with great physical and financial hardships if she is compelled to defend a divorce action against her in the State of Nevada; that defendant, Joseph G. Russell, is a bona fide resident and citizen of the State of Illinois and has been such a resident and citizen for many years last past; that this court has jurisdiction over the defendant by virtue of his appearance and counterclaim filed in this cause and by virtue of notice of said petition for restraining order having been served upon . . . his attorneys in this cause, due notice of said petition having been given in writing to said attorneys for defendant who were present in open court representing said defendant upon the hearings had in connection with said petition for restraining order''; and by said order the court restrained defendant from ''continuing with the prosecution of any complaint, petition or proceeding for a divorce or other domestic or matrimonial relief against plaintiff in any court of the State of Nevada or of any other State or country other than the State of Illinois, and particularly from proceeding further with that certain action for divorce commenced by him against the plaintiff herein on May 24, 1946, entitled 'Joseph G. Russell *vs.* Dorothy Block Russell,' in The Second Judicial District Court of the State of Nevada, in and for the County of Washoe, . . . until the disposition by this court of plaintiff's action for separate maintenance and support and defendant's counterclaim for divorce, which matters are presently pending before this court, or until the further order of the court.'' The decree at the same time denied defendant's motion to withdraw his counterclaim.

As the principal ground for reversal it is urged that the chancellor erred in restraining defendant from proceeding with the divorce suit instituted in Nevada. We think *Kahn v. Kahn,* 325 Ill. App. 137,

recently decided by this division, is precisely in point. In the exhaustive opinion written by Mr. Justice SCANLAN in the *Kahn* case, reviewing the leading cases on the subject in this and other States, we concluded that the injunction order was properly issued. In that case the wife had filed a suit for separate maintenance in the superior court of Cook county, and without notice or bond obtained a temporary injunction restraining her husband from carrying out an alleged threat to institute a matrimonial action in Nevada. In this proceeding defendant had due notice of the motion for a temporary restraining order, was granted leave to file his answer, and actually participated in the hearing. The only substantial difference between the two cases is that in *Kahn v. Kahn* the husband had merely threatened to obtain a divorce in Nevada without having actually gone there to establish residence for that purpose or instituted proceedings in the foreign State, whereas in this proceeding the defendant had filed suit in Nevada just four days after plaintiff's petition for a restraining order had been filed. We held in the *Kahn* case that although a temporary injunction restraining defendant from instituting divorce proceedings in any State other than Illinois, wherein he was domiciled, did not prevent him from changing his domicile, nevertheless the aggrieved spouse was entitled to an injunction restraining the institution of proceedings in a foreign State until the separate maintenance suit then pending in Cook county, wherein the court had jurisdiction of both parties, was adjudicated, and we said that if plaintiff in her complaint for separate maintenance had alleged that defendant had commenced divorce proceedings against her in Nevada, she would have had the right to a temporary injunction to prevent him from further prosecuting the Nevada proceeding. The import of the *Kahn* decision is that where separate maintenance or divorce proceedings are pending in the county where the parties have been

domiciled and either spouse leaves the State or domicile and acquires a nominal or colorable residence in a foreign State in order to bring divorce proceedings, the aggrieved spouse is entitled to an injunction restraining the other spouse from instituting divorce proceedings in a foreign State based on a pretended domicile, and that since an injunction would lie to prevent the defendant. in this jurisdiction from prosecuting an action in another State, it followed that an injunction would issue where the defendant here had threatened such procedure. The fact that defendant in this proceeding had already filed suit for divorce in Nevada makes the ground for injunctive relief even more justifiable. The important circumstance in both cases is that the Cook county court had jurisdiction of the parties, and as said in *Royal League v. Kavanagh*, 233 Ill. 175, ''There is no question as to the right to restrain a person over whom the court has jurisdiction from bringing a suit in a foreign State. (*Harris v. Pullman*, 84 Ill. 20.) The courts do not, in such cases, pretend to direct or control the foreign court but the decree acts solely upon the party. The jurisdiction rests on the authority vested in courts of equity over persons within the limits of their jurisdiction and amenable to process, to stay acts contrary to equity and good conscience. The State has power to compel its own citizens to respect its laws even beyond its own territorial limits, and the power of the courts is undoubted to restrain one citizen from prosecuting in the courts of a foreign State an action against another which will result in a fraud or gross wrong or oppression.''

Aside from the principal ground urged for reversal, defendant argues that ''the amended complaint which initiated the separate maintenance proceedings contained no allegation specifically concerning the Illinois County in which *either* the plaintiff or defendant resided,'' and that ''neither the petition for the restraining order, the defendant's answer

thereto, nor the order granting the temporary injunction contained or made any affirmative allegation or finding that either the plaintiff or the defendant resided in *Cook County,* Illinois." It is the well settled rule in this State, however, that in determining jurisdiction the court will examine the entire record before it. (*Eick v. Eick,* 277 Ill. App. 329; *Augenstein v. Augenstein,* 275 Ill. App. 18.) In this proceeding defendant in paragraph 1 of his counterclaim specifically admitted that he was a resident of the County of Cook and the State of Illinois. In his answer to the petition for a temporary restraining order filed May 29, 1946, he admitted that he had submitted to the jurisdiction of the superior court, and the chancellor in entering the temporary injunction found that there were then pending before the court plaintiff's amended complaint for separate maintenance and defendant's counterclaim for divorce, and that the court had jurisdiction over the defendant by virtue of his appearance and counterclaim. Under the circumstances we think defendant's contention is utterly without merit.

The remaining ground urged for reversal is that the temporary injunction was void because it was improvidently granted without bond, in violation of section 9 of the Injunction Act (Ill. Rev. Stat. 1945, ch. 69 [Jones Ill. Stats. Ann. 109.357]). A similar contention was advanced in *Kahn v. Kahn,* where the injunction was granted in an *ex parte* proceeding and where defendant's objection thereto was held to be without merit. It should be noted, however, that this was not an *ex parte* proceeding. A copy of the petition had been served upon defendant prior to its presentation to the court. Plaintiff was allowed to file her petition and defendant was granted five days within which to answer. He did in fact file a complete and full answer. Neither in his answer nor in his argument in the trial court did he refer to this omission in the petition. In fact he and his counsel remained absolutely silent on the matter, both in their

pleadings and during the hearing. They did not indicate or suggest in any manner that the issuance of the injunction order without bond would cause defendant any hardship, financial or otherwise. Section 9 was enacted for the benefit of the party against whom the restraining order is sought, and of course he may waive that requirement if he sees fit to do so. All the circumstances in this proceeding indicate that defendant waived the requirement of section 9 by failing to suggest or insist on the provision of that section, and he is therefore not in a position to urge that the interlocutory order be reversed on that ground.

Defendant's belated oral motion to withdraw his counterclaim, made during the hearing on petition and answer for restraining order, on May 29, 1946, after the chancellor had indicated in open court that he had been deceived by defendant's conduct and that a restraining order should issue, was properly overruled.

For the reasons indicated, the temporary injunction should be affirmed, and it is so ordered.

*Temporary injunction affirmed.*

SULLIVAN, P. J., and SCANLAN, J., concur.