**Lucille B. Scott, Plaintiff-Appellant, v. Charles E. Scott, Defendant-Appellee.**

**Gen. No. 69–103.**

Third District.

September 23, 1970.

Franklin S. Wallace, of Rock Island, for appellant.

Stuart R. Lefstein, of Rock Island, for appellee.

RYAN, P. J.

This is an appeal by the plaintiff (wife) from that portion of a separate maintenance decree fixing the amount awarded to her for her support and for the support of the minor children. Plaintiff contends that the amount of the award is inadequate.

The plaintiff and defendant were married in 1945. Three children were born to the marriage, twin daughters who are now 17 years old and a son now 15 years old. The defendant left the marital home in March, 1965, and has not lived with his family since.

The plaintiff has an income from substitute teaching of about $1,500 per year. The defendant and his brother are the sole stockholders in a corporation, each owning 50% of the stock. The defendant is employed by the corporation as the sales manager and he is also president of the corporation. His sole source of income is from the corporation. In 1966, his gross income was $31,887.67 and his net income was about $26,500. In 1967, his gross earnings were about $37,900 and in 1968, his gross earnings were $38,703.95. No net income figures after taxes were given for the last two years mentioned.

The parties own a home, and payments on the mortgage and taxes and insurance thereon total $2,254.10 per year. Certain obligations were incurred by the wife during the separation which were adjusted by the terms of the decree, the defendant being ordered to pay a sum therefor equal to the difference between the payment

which he had made to and for the benefit of the plaintiff during the separation and the amounts which the court ordered the defendant to pay to the plaintiff as alimony and child support under the provisions of the decree. Said differential was computed in the decree to amount to $2,480.

The decree awarded custody of the children to the plaintiff and ordered the defendant to pay the plaintiff the sum of $250 per month for her own support and the sum of $250 per month for the support of the three children, making a total of $500 per month cash payments to the plaintiff. The decree also awarded to the plaintiff the use of the family home and directed that the defendant pay the house mortgage payments, house insurance, and real and personal property taxes and that the defendant make such repairs as may be necessary to remedy such defects in the premises as may be occasioned by the usual wear and tear thereon. The decree also directs the defendant to pay certain outstanding medical bills and all present and future orthodontist bills and all extraordinary medical and dental expenses for the three minor children. The decree directed the defendant to pay $3,882.50 as plaintiff's attorney's fees and expenses. Plaintiff has appealed from that portion of the decree which ordered the defendant to pay to her $250 per month for her own support and $250 per month for the support of the three minor children. The plaintiff also complains about the provision of the decree relating to the adjustment of the outstanding bills incurred by her during the separation.

The statute provides that in determining the amount to be allowed for support in a separate maintenance decree the court shall have reference to the condition in life of the parties at the place of residence of the wife and the circumstances of the respective cases and authorizes the court to make provisions for the edu-

cation and maintenance of the children of the parties. Ill Rev Stats 1967, c 68, § 22. The wife is entitled to be maintained and supported in the manner consistent with her station in life and the husband's ability to pay if such amount required therefor be not more than a just and equitable proportion of the joint income of the wife and the husband. Richheimer v. Richheimer, 59 Ill App 2d 354, 208 NE2d 346.

The amount of alimony and child support to be awarded in a separate maintenance action rests within the sound legal discretion of the trial court and is only subject to correction by a reviewing court where the discretion of the trial court has been improperly exercised. Canady v. Canady, 30 Ill2d 440, 197 NE2d 42; Wagner v. Wagner, 68 Ill App2d 112, 215 NE2d 474; Katauskas v. Katauskas, 67 Ill App2d 33, 213 NE2d 420.

During the course of the testimony, the plaintiff gave various estimates as to the amount of money which she needed in cash exclusive of any payments on the mortgage, taxes and insurance on the house and exclusive of extraordinary medical expenses. The plaintiff was not consistent in the testimony concerning these amounts. The lowest figure which she gave was $200 per week.

The defendant gave estimates as to the amount of money which he needed for his own support and testified as to the amount which it cost him to support his family during the last year that he lived with them.

Under the terms of the decree, the total cash payments to be made to the plaintiff for the support of herself and the minor children equal $6,000 per year. The amount of money which the defendant must pay for mortgage payments, taxes and insurance on the house equals $2,254.10 per year or a total cash payment per year, exclusive of extraordinary medical expenses and house repairs, of $8,254.10 per year; while his gross earnings in 1968 were in excess of $38,000 per year, and

179

although we do not have evidence of the net earnings after taxes for the year 1968, the same should have been in excess of $30,000.

Although the award of the trial court for support of the wife and maintenance of the children seems quite modest in light of the earning capacity of the defendant, this court would not ordinarily be disposed to substitute its judgment for that of the trial court. However, in this case on direct examination and again on cross-examination, the defendant stated that in his opinion his wife would need the amount of $175 per week, excluding payment for extraordinary medical expenses and excluding payments on the mortgage on the house, in order to maintain herself and the three children in the standard to which they have become accustomed while they lived together as a family unit. On cross-examination, the defendant reiterated his belief that the wife would require the amount of $175 per week. An allowance of $175 per week would total $9,100 per year. The award of the court only totals $6,000 per year, which by the defendant's own testimony would not be adequate to maintain his wife and children in their accustomed status. This would be true even if the court were considering the wife's ability to earn approximately $1,500 per year as a substitute teacher. We feel that the award of a sum less than the amount the defendant, himself, estimated to be required was not a proper exercise of the discretion of the trial court and accordingly, the decree of the court will be reversed.

In addition to the inadequacy of the amount of cash payments, this court likewise is of the opinion that that portion of the decree pertaining to the adjustment of the outstanding bills should be likewise modified to take into consideration the difference between the amount which the defendant had paid to the plaintiff during their separation and the amount of $175 per week which the defendant testified was needed by the plaintiff.

■ It should be noted that the twin daughters are approaching the age of 18 and upon rehearing, the court should take into consideration any possible change in status of the defendant in relation to these daughters that may have taken place since the original decree or which may be in the immediate offing.

Accordingly, the decree of the trial court will be reversed and the cause remanded with directions to proceed pursuant to the provisions of this opinion.

Reversed and remanded.

STOUDER and ALLOY, JJ., concur.