ALLOY, P. J., and SCOTT, J., concur.

LUCILLE B. SCOTT, Plaintiff-Appellant, *v.* CHARLES E. SCOTT, Defendant-Appellee.

(No. 70-90;

Third District—April 1, 1971.

Stewart R. Winstein, of Rock Island, for appellant.

Stuart R. Lefstein, of Rock Island, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

A decree of separate maintenance was entered on July 13, 1969, by the Circuit Court of Rock Island, County granting Plaintiff-Appellant Lucillle Scott the right to live separate and apart from Defendant-Appellee, Charles Scott. Plaintiff perfected her appeal from that portion of the decree of separate maintenance concerning the amount of the support of herself and their minor children, payment of creditors, bills, repair of the house, *etc.* That appeal was under advisement at the time appeal was perfected in this case but in September, 1970, this Court in *Scott v. Scott,* 129 Ill.App.2d 176, 262 N.E.2d 728, reversed that portion of the order appealed from and remanded the case for further proceedings. We understand that such proceeding has been finally determined and no appeal is presently pending with respect thereto.

On December 18, 1968, (prior to the entry of the separate maintenance decree in July, 1969) the trial court pursuant to application by plaintiff, enjoined defendant from instituting or proceeding with divorce proceedings in Juarez, Mexico. As a result of such injunction, defendant discontinued any resort to Mexican courts. After the entry of the separate maintenance decree on July 13, 1969, defendant filed his petition to remove and vacate the injunction and after hearing the court on January 21, 1970, removed and vacated such injunction and it is from such order that this appeal has been perfected.

Plaintiff argues that the trial court's action was erroneous because the separate maintenance action was still pending albeit on appeal and because she was entitled to have such restraint continued indefinitely. We find no merit to either of these arguments.

Since the separate maintenance action has now been finally concluded it might be said that plaintiff's first argument is no longer applicable to the facts. In considering the propriety of the trial court's action we believe the pendency of plaintiff's appeal was irrelevant to a solution of the issue since admittedly plaintiff did not appeal from that part of the order declaring she was entitled to live separate and apart from defendant. Since no appeal was taken from this part of the order we deem that it was finally determined at the time the decree was entered. Whether the monetary issues had been finally settled or not do not, we believe, have any bearing on the court's action in terminating the injunction.

*Kahn v. Kahn,* 325 Ill.App. 147, 59 N.E.2d 878, is the only case cited by plaintiff in which prosecution of a divorce action in another state was enjoined. As observed in the *Kahn* case, where the trial court has jurisdiction of the defendant, the restraint may be appropriate to prevent in-

equities or if the conduct of the defendant would amount to fraud, gross wrongdoing or oppression. However the *Kahn* case is limited to a consideration of the propriety of such actions when requested or granted prior to the hearing and determination of the underlying marital action. No case has been called to our attention where the defendant has been restrained from prosecuting marital actions in other jurisdictions permanently and after final determination of the original action. In fact the reasons for permitting the original restraint by their very nature suggest the inappropriateness of such a remedy as a permanent decree. The basic inequity against which the court may afford relief is the effort by a party to fraudulently or colorably invoke the jurisdiction of some other state or country. Albsent such inequity the courts of our state have no authority to interfere with the ligitimate jurisdiction of other states.

■■ We believe that *Pope v. Pope,* 2 Ill.2d 152, 17 N.E.2d 65, is controlling on the principal issue of this case and believe it compels the holding that defendant spouse may not be permanently enjoined from prosecuting marital actions in other states or countries. In the *Pope* case plaintiff obtained a decree of separate maintenance in Illinois and after such decree had become final the defendant obtained a divorce in Nevada based on his domicile in that state. When the plaintiff sought to enforce her decree of separate maintenance in Illinois the court in *Pope* rejected her contention that the Nevada divorce decree was void because it failed to accord full faith and credit to the prior Illinois separate maintenance decree. The court reasoned that there was nothing inconsistent in the two decrees and that since the Nevada decree was based on *bona fide* domicile such decree of divorce was entitled to full force and credit as it related to the status of the parties. Notwithstanding such determination of status by the Nevada decree, plaintiff was nevertheless entitled to the continued enforcement of the Illinois separate maintenance decree.

■■ Notwithstanding plaintiff's characterization of potential change of residence as "forum shopping" we are aware of no equitable principle which can be invoked to restrain a party from selecting any domicile such party may choose. The fact that the creation of a *bona fide* domicile in another jurisdiction may be the basis for application of that jurisdiction's marital and divorce laws does not thereby render such action fraudulent or inequitable.

Finding no error in the judgment of the Circuit Court of Rock Island County the judgment of said court is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.