GEORGE F. SHADY, Plaintiff-Appellee, *v.* MARIE M. SHADY, Defendant-Appellant.

(No. 72-180;

Third District—March 28, 1973.

*Rehearing denied April 25, 1973.*

DIXON, J., dissenting.

John C. Parkhurst, of Peoria, for appellant.

Elmo E. Koos, of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Tazewell County denying a motion to vacate and dissolve an injunction order previously issued by that court.

The events leading up to this appeal are as follows. On September 2, 1971, Marie M. Shady, hereinafter referred to as the wife, filed a sworn complaint for divorce against George F. Shady, hereinafter referred to as the husband. The suit was filed in Clark County in the State of Nevada and the wife alleged that she had for six weeks been a *bona fide* resident of that county and state and her husband was personally served with a summons and a copy of the complaint.

On September 3, 1971, the wife moved to dismiss a divorce suit pending against her husband in Tazewell County, Illinois. The court on that date granted her motion and entered an order dismissing the action.

On September 28, 1971, the husband filed a sworn complaint for injunction in Tazewell County in which it was alleged that his wife was in fact a resident of Tazewell County and that her sworn allegation as to being a resident and domiciliary of Clark County, Nevada, was false. On the same date the circuit court of Tazewell County entered a restraining order, restraining his wife from proceeding further in the Nevada divorce action. The restraining order contained a finding that the wife's Illinois divorce action had been dismissed without notice to her husband and that she was not a *bona fide* resident of Nevada, but was a resident of Tazewell County, Illinois.

Also on September 28, 1971, the husband moved to vacate the order which had dismissed the Illinois action for divorce, on the grounds that he had received no notice of his wife's motion to dismiss the suit. The husband's motion to vacate was supported by affidavit but it does not aver that he failed to receive notice of the motion, only that he received no notice of the hearing on the motion. The record discloses that a copy of the wife's motion to dismiss the Illinois divorce action was mailed to the husband's attorney on September 2, 1971. On October 7, 1971, a response was filed by the wife to her husband's motion to vacate the order of dismissal and the substance of this response is that no hearing is required on a voluntary dismissal. No hearing was held nor has a ruling been entered by the trial court on the motion to vacate the dismissal order.

A hearing was held by the trial court on October 7, 1971, to determine whether a temporary injunction should issue. At this hearing the wife filed a special appearance, and objected to the jurisdiction of the Illinois court over her person and over the subject matter of the complaint for injunction. During this hearing it was represented to the court by the

husband's attorney that he had telephoned the wife's Nevada attorney and advised him of the temporary restraining order which had been issued in Illinois and that further he had forwarded by mail to the Nevada attorney a copy of the injunction writ. It was admitted by the husband's attorney that there had been no service of process in Nevada on his wife in regard to the injunction suit. During the hearing the attorney for the wife stood on a special and limited appearance and objected to the jurisdiction of the Illinois court as to the person of the wife who was then in Nevada, and as to the finding of her place of residency by the court.

At the conclusion of the hearing the trial court determined that it did have jurisdiction and granted a temporary injunction in the same language as the restraining order. The temporary injunction was to be in effect until November 10, 1971, at which time the court would determine whether the temporary injunction should be made permanent. It should be noted that the record fails to show the issuance of any writ of temporary injunction or the service of any process on the wife in Nevada.

On November 9, 1971, the attorney for the wife again entered a special and limited appearance for her and repeated her objection to the Illinois court claiming jurisdiction over her person and the subject matter of the action, to wit, the finding as to her place of residence. At this time there was filed a certified copy of the decree of divorce which had been granted to the wife on October 11, 1971, by the Nevada court. The decree contained a finding that she was a *bona fide* resident of Nevada and had been domiciled there for more than six weeks prior to her commencement of the divorce action.

The husband on December 6, 1971, filed a petition to show cause why the wife should not be held in contempt of court for violating the order granting a temporary injunction. The court entered an order directing the wife to show cause on December 22, 1971, why she should not be held in contempt of court. After an agreed continuance the wife for the first time made a general appearance before the court on January 11, 1972, and filed a motion to vacate the order granting a temporary injunction on the grounds that the court lacked jurisdiction to issue the same. After continuances this motion to vacate was heard on June 19, 1972. At this hearing a transcript of the testimony heard by the Nevada court regarding the question of the wife's residence was filed. After argument by counsel the court denied the motion to vacate its order directing the issuance of a temporary injunction and further set a date for a hearing on the rule to show cause. An order incorporating these rulings was entered on June 19, 1972, and this appeal stems from that order.

On July 13, 1972, the wife filed her notice of interlocutory appeal.

Subsequently on July 19, 1972, an order was entered by the trial court approving a *supersedeas* bond and staying the enforcement of the rule to show cause pending appeal.

We have gone into considerable detail setting forth in a chronological order the sequence of the pleadings filed and the acts of the parties to this cause because we believe a clear understanding of the same is essential in order to determine the primary issue presented by this appeal, which is whether the trial court had any jurisdiction over the wife against whom it issued a temporary injunction order.

■■ In determining this issue we at the outset recognize the well-settled rule of law that there is no question as to the right to restrain a person *over whom the court has jurisdiction* from bringing a suit in a foreign state. (Emphasis supplied.) (*Harris v. Pullman*, 84 Ill. 20, 25 Am.Rep. 416). The courts do not in such cases pretend to direct or control the foreign court, but the decree acts solely upon the party. *Royal League v. Kavanagh*, 233 Ill. 175, 84 N.E. 178.

■■ In the case of *Kahn v. Kahn*, 325 Ill.App. 137, 59 N.E.2d 874, where the reviewing court found both the plaintiff and defendant residents of Illinois and enjoined the latter from instituting a Nevada divorce action, it was stated:

"It is the general rule that, *where a party is within the jurisdiction of the court,* he may, on proper showing, be enjoined from prosecuting an action in a court of another state. The question, however, as to when this jurisdiction may be exercised is often one of great delicacy, owing to the fact that it may frequently lead to a conflict on jurisdiction. Hence the power is used sparingly, and the applicant must show good equitable grounds, or the injunction will not issue. *The jurisdiction rests on the authority vested in courts of equity over persons within the limits of their own jurisdiction* to restrain them from doing inequitable acts to the wrong and injury of others, and on the power of the state to compel its own citizens to respect its laws even beyond its territorial limits * * *." (Emphasis supplied.)

■■ We would be belaboring the point if we continued to cite and quote from other cases concerning the right of an Illinois court to enjoin an individual from prosecuting an action in a foreign jurisdiction. There is ample authority that an Illinois court can so enjoin but one requisite must be present and that is that the court issuing the injunction must have jurisdiction of the party sought to be enjoined. In the instant case the wife testified before the Nevada forum on October 11 that she had resided in Nevada for two and a half months, having arrived there on the preceding July 20th; that it was her intention to make Nevada her

permanent home, that she had obtained a Nevada driver's license, that her passport had been reissued to her with a Nevada address on it, that she had leased an apartment for six months, and that she had deposited a sum of money on the purchase of a beauty salon in Las Vegas, Nevada. Two supporting witnesses offered testimony which bolstered the wife's contention that she was a *bona fide* resident of the State of Nevada.

We can only interpret such evidence as presenting a *prima facie* case supporting the wife's contention that she was a *bona fide* resident of Nevada; however, we are not called upon in this case to make a determination of that issue and will not do so. Nor are we concerned with the proposition that the wife was in fact "forum shopping" since we recently stated in the case of *Scott v. Scott*, 131 Ill.App.2d 863, 268 N.E. 2d 458, that:

> "* * * [W]e are aware of no equitable principle which can be invoked to restrain a party from selecting any domicile such party may choose. The fact that the creation of a *bona fide* domicile in another jurisdiction may be the basis for application of that jurisdiction's marital and divorce laws does not thereby render such action fraudulent or inequitable."

■■ We do concern ourselves with the question as to whether in spite of the wife's acts in Nevada whereby she attempted to establish residence there, was she nevertheless within the jurisdiction of the Tazewell County circuit court so as to be subject to a temporary injunction issued by that court. We believe not. The only possible argument that the Tazewell County circuit court had jurisdiction of the wife would have to be based upon the fact that when she filed her suit for divorce in Nevada she also was the plaintiff in a pending divorce action in Tazewell County. The following day after notice to her husband's attorney, her attorney moved for a voluntary dismissal of the Illinois suit. This motion was granted and the suit was dismissed. It should be noted that no counter-claim had been filed by the husband and we are of the opinion that she complied with Practice Act provisions pertaining to a voluntary dismissal of an action by a plaintiff. (Ch. 110, Sec. 52(1), Ill. Rev. Stat.) The husband complains that neither he nor his attorney was notified as to when a hearing would be had on his wife's motion to dismiss the suit. We find no merit in this complaint since the right to dismiss does not require a hearing. In the case of *Galeener v. Hessel*, 292 Ill.App. 523, 11 N.E.2d 997, the reviewing court held that:

> "Under Section 52 of the Civil Practice Act it would appear that a plaintiff has a right to dismissal at any time between the bringing of the suit and the entry upon the trial, upon giving notice to the defendant and the payment of costs * * *. If the defendant

upon a motion to vacate the order of dismissal can show that his rights have been prejudiced, or that he has been deprived of some substantial rights concerning his defenses, not available in another suit or that might be endangered by the dismissal, then the cause should be reinstated, but the mere failure to give notice to defendant without prejudice being shown is not fatal."

In the instant case the husband did move to vacate the order of dismissal but no action was taken by the trial court on this motion, and an examination of his motion and the affidavit supporting it fails to set forth any allegations that would indicate that he was prejudiced by the court's action.

In the cases of *Kahn v. Kahn*, 325 Ill.App. 137, 59 N.E.2d 874, and *Russell v. Russell*, 329 Ill.App. 580, 70 N.E.2d 70, the trial court properly issued an injunction restraining a party from prosecuting an action in a foreign jurisdiction, but in both of these cases there was no question but what the court had jurisdiction of the parties; however, such is not the situation in the instant case. The husband asserted that his wife was a resident of Illinois while at the same time he showed the court that she was residing in Nevada and claiming to be a *bona fide* resident of that state. No service of process regarding Illinois actions was ever served on the wife. There was no divorce action pending in Illinois and the wife entered her limited and special appearance in the Tazewell County circuit court objecting to its asserted jurisdiction over her person. We fail to see how the trial court obtained jurisdiction over the person of the wife and are of the opinion that it did not.

■■ The brief of the plaintiff sets forth a number of contentions as to why the order of the trial court denying the wife's motion to vacate the order directing the issuance of the temporary injunction should be sustained. However, his brief fails to address itself to the fundamental question as to how the court ever obtained jurisdiction over the wife. The question of jurisdiction or lack of jurisdiction is dispositive of this appeal and having determined that the trial court lacked jurisdiction no useful purpose would be served by setting forth and considering the contentions raised by the husband with the exception of his argument that the wife's appeal should be dismissed because notice of appeal was not filed within 30 days after the order for temporary injunction. The record clearly discloses that the wife complied with the provisions of Supreme Court Rule 307(b) (Ch. 110A, Sec. 307(b), Ill. Rev. Stat.), and that the husband's argument is without merit. Further a judgment, order or decree entered by a court which lacks jurisdiction of the parties or subject matter, or which lacks the inherent power to make or enter the particular order involved is void, and may be attacked at any time

and in any court, either directly or collaterally. *Barnard v. Michael*, 392 Ill. 130, 63 N.E.2d 858.

For the reasons set forth the order of the circuit court of Tazewell County denying the wife's motion to vacate its order directing the issuance of a temporary injunction is reversed, and further the said court is directed to vacate its order directing the issuance of a temporary injunction over the person of Marie M. Shady, the wife.

Reversed and remanded with directions.

STOUDER, J., concurs.

Mr. JUSTICE DIXON dissenting:

I cannot agree that the trial court did not have jurisdiction of the person of the defendant. I cannot agree that the order of dismissal on Sept. 3 was properly obtained. Notice of motion has been defined as a means of bringing a motion on for hearing. A formal notice that a motion described therein will be made before the court at the time and place stated in the notice. Ballantines Law Dictionary, 867. Appellant concedes that he gave no such notice relying on the dictum from *Galeener v. Hessel*, 292 Ill.App. 523. The facts of that case were that plaintiff filed a lawsuit and 5 days later dismissed it. The defendant had not yet entered an appearance. The case simply held that since Sec. 52 of the Civil Practice Act requires notice "to each party who has appeared or his attorney" no notice was required since the defendant had not yet appeared.

Even so, Sec. (5) of the Civil Practice Act provides, "The court * * * may on motion filed within 30 days after entry thereof set aside any final order * * *".

Well within 30 days the husband filed his motion to set aside the order of dismissal which motion is still pending. The effect of a motion filed pursuant to subsection 5 prevents the order from becoming final until the motion is disposed of. (*Corwin v. Rheims*, 390 Ill. 205.) Further, "It is well settled that a judgment of the trial court does not become final until the passage of 30 days". *McDowell v. Jarnagin*, 56 Ill.App.2d 395.

The instant case was commenced Sept. 28, at that time the order of dismissal was not final, the wife was a party to a divorce suit still pending in the Circuit Court of Tazewell County, Illinois, and for that reason the trial court had jurisdiction over her person.