Central Ice Cream Co., Plaintiff-Appellee, v. Goldenrod Ice Cream Company, Edward L. Olin and Philip D. Sang, Defendants-Appellants.

Gen. No. 47,315.

First District, Third Division.

May 7, 1958.

Released for publication July 18, 1958.

Rose, Burt & Pierce of Chicago (Grover D. Rose, of counsel) for defendants-appellants, of counsel.

7

William C. Wines, J. Stirling Mortimer, and Daniel J. Ryan, of Chicago, for appellee.

PRESIDING JUSTICE BURKE delivered the opinion of the court.

A complaint in chancery alleged unfair competition and violation of Illinois laws relating to the letting of public contracts. It sought a temporary and permanent injunction restraining the defendants from a continuance of the alleged unlawful practices and damages. After the taking of evidence on plaintiff's motion for a temporary injunction, the court denied the motion. Defendants moved to have the case set for hearing or referred to a master for hearing. Plaintiff moved to dismiss without prejudice. Defendants objected. The chancellor entered an order finding that no hearing had begun within the meaning of Section 52 of the Civil Practice Act [Ill. Rev. Stats. 1957, ch. 110, § 52] and granted plaintiff's motion to dismiss without prejudice and an order of dismissal without prejudice on payment of statutory costs was entered. Defendants appeal.

Hearings on plaintiff's motion for a temporary injunction were held on 14 court days and the testimony of 11 witnesses was taken. Twenty-seven documentary exhibits were received in evidence. The transcript of these hearings ran to almost 1,000 pages. The hearings were all before the chancellor. The court acted on the authority of the provision of Section 52 of the Civil Practice Act, which states that the plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or his attorney, and upon payment of costs, dismiss his action or any part thereof as to any defendant, without prejudice. Defendants maintain that the taking of evidence in the case constituted the beginning of a trial or hearing within the meaning of Section 52; that plaintiff's mo-

8

tion to dismiss amounted to an abandonment of its case; and that the court having heard evidence and having indicated its findings, defendants were entitled to a decree based upon the evidence. The defendants ask that the order be reversed and that the cause be remanded with directions to enter a decree finding the issues in their favor.

We are of the opinion that the record supports the holding of the chancellor that the motion of the plaintiff to dismiss without prejudice was made before the trial or hearing began. The defendants rely strongly on a stipulation that "the evidence taken and to be taken in connection with plaintiff's motion for a temporary restraining order should be considered as evidence taken on the merits of the case." We do not think that the stipulation to use the testimony on a trial of the case converted the application for a temporary injunction into a trial or hearing on the merits. The stipulation indicates that the parties recognized that the case was not being heard on the merits. The hearing or trial had not begun and the chancellor was right in allowing plaintiff's motion to dismiss without prejudice.

Therefore the order of the Superior Court of Cook county is affirmed.

Order affirmed.

FRIEND and BRYANT, JJ., concur.