Barbara Egermaier, Plaintiff-Appellant, v. Jerry Egermaier, Defendant-Appellee.

**Gen. No. 69–189.**

Second District.

September 8, 1970.

■■■■■■■■

■■■■■■■■■■■

Marco and Mannina, of Downers Grove, for appellant.

Kevin P. Connelly, of Wheaton, and Jack L. Heim, of Naperville, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Plaintiff appeals from three judgment orders. One was entered April 25th, 1969, overruling her motion for a change of venue and granting custody of a minor child, Jerry F. Egermaier, Jr., to the defendant. The second was a supplemental order entered on June 5th, 1969, affirming the previous order, while modifying the provision for "reasonable visitation" by specifically defining the term. The third order appealed from was entered on July 25th, 1969, denying plaintiff's petition for change of custody.

The decree for divorce on plaintiff's complaint was entered on July 14th, 1967, and granted plaintiff the permanent custody of two of the three minor children of the parties, Antonia (then age 12), and Jerry (then age 4). Permanent custody of Theresa (then age 14) was granted to defendant.

On plaintiff's petition, an order was entered on February 2nd, 1968, granting plaintiff permanent custody of Theresa.

Plaintiff subsequently required hospital treatment for an illness and on May 11th, 1968, voluntarily and without order of court, delivered temporary custody of the three children to defendant. Thereafter, in November of 1968, plaintiff, who had remarried, petitioned for the return of Antonia and Jerry alleging defendant's refusal to return

the children. An order was entered on November 27th, 1968, granting plaintiff visitation rights and continuing her petition to the following December. In December, defendant filed a petition asking that the decree for divorce be modified to grant him permanent custody of the three children.

On December 17th, 1968, an order was entered granting defendant temporary custody of the three children and referring the matter to the probation department for investigation. The matter of permanent custody was held in abeyance pending receipt of the probation department report. The following day, a further order was entered regarding details of plaintiff's visitation which was allowed only with respect to Jerry, the youngest child.

New attorneys for plaintiff filed a petition for change of venue on March 11th, 1969. The court continued the motion for further pleadings. On April 25th, 1969, the judge denied the requested venue change and also awarded permanent custody of the three children to defendant, granting visitation to plaintiff at all "reasonable times," with certain conditions.

On May 21st, 1969, defendant filed a motion to further define "reasonable visitation," and a supplemental draft order defining that provision was entered on June 5th, 1969 (pursuant to an oral order entered into the record on May 21st with concurrence of the parties defining "reasonable visitation" with reference to more specific terms).

On June 20th, 1969, plaintiff filed a petition for a change of permanent custody as to Jerry, alleging new circumstances and praying for a "rehearing." There were motions and countermotions, and upon hearing on July 25th, 1969, the court denied plaintiff's petition which had asked that the custody of Jerry be returned to her.

At the outset, we are required to consider defendant's claim that the April 25th order is not appealable because the notice of appeal, which was filed on August 19th,

1969, was not filed within the statutory period (Ill Rev Stats 1967, c 110A, § 303(a)).

We are not persuaded by defendant's argument that his motion filed May 21st, 1969, to further define reasonable visitation as that term was used in the April 25th order, was not a post-trial motion which would extend the time for appeal. The order entered on the defendant's motion is styled a "supplemental order" and modifies the previous order within the purview of Supreme Court Rule 303(a) read together with the provisions of Ill Rev Stats 1967, c 110, § 68.3. See Tomaska v. Barone, 104 Ill App2d 356, 358–359, 244 NE2d 327 (1968).[1]

However, we must find that the proceedings which culminated in the April 25th, 1969 and June 5th, 1969 orders were not appealed within the statutory thirty-day period even as extended by the post-trial motion filed May 21, 1969, and ruled upon on June 5, 1969. Since the notice of appeal was not filed until August 19th, we have no jurisdiction to review these orders. We cannot accept plaintiff's further argument that the petition filed by her on June 20th, 1969 also operated as a post-trial motion and thus extended the time for the appeal of the first two specified orders.

The petition of June 20th recited the order of June 5th and further recited that "subsequent to the said hearing, plaintiff has become aware of certain circumstances

---

[1] While defendant cites this case as authority for his position, it is distinguishable on the facts in that in Tomaska, the court properly held that a mere motion for an extension of time to file a post-trial motion does not qualify as a post-trial motion. Defendant also has cited Werbeck v. Werbeck, 70 Ill App2d 279, 217 NE2d 502 (1966). This case involved two separate and unrelated orders and is not relevant here. The final case cited by defendant, Deckard v. Joiner, 44 Ill2d 412, 416, 417, 256 NE2d 900 (1970), in oral argument, also does not apply here in our view since it involved successive and repetitive motions to vacate, made in an attempt to delay the finality of an order.

451

. . . ." While the prayer of the petition is for a "re-hearing," it is obvious, both from the allegations of the petition and from the testimony at the hearing on July 23rd, that plaintiff sought to show a change in circumstances since the June 5th order which would justify a change in the previous adjudication of custody.

At the hearing on July 23rd, the plaintiff testified to observations of changes for the better in Jerry's attitude when he visited with her, compared with his unhappiness and withdrawal in defendant's home. A psychologist testified to an examination of plaintiff and the child conducted in early July, and concluded that Jerry would be more emotionally and psychologically secure with his mother in a household in which there was another boy (the son of plaintiff's husband) rather than in defendant's home where there was the stepmother and two of her children, both girls, as well as Jerry's two sisters. The psychologist testified that he did not visit defendant's home and relied upon information given him by plaintiff, various tests and his interview with Jerry and Jerry's mother. Defendant and his present wife gave contradictory testimony as to Jerry's attitude and security in his father's home.

At the conclusion of the testimony the court stated:

> "The Court: All right. Well gentlemen, I have a report here which I received in January from the investigative officer which is contrary to what the psychologist testified and I will read from it.
>
> " 'Jerry, age 6½ is a first grader at Lemont Grade School, a very happy little boy who wishes to please. Through the interview he sat on Mrs. Gloria Egermaier's lap showering her with kisses. He is the only son in the home surrounded by six sisters all of whom showed a great attachment to him but Jerry's great display for his step-mother was sincere.'

"I see nothing to contradict, no change in circumstances and the order previously entered by this Court as to custody of this boy will stand. I think it is somewhat of a shame he is used as a pawn here. The order will stay the way it is. Thank you."

██ The report of the probation officer referred to was not offered in evidence and is not found anywhere in the entire record. The probation officer was not present to testify. The report is not before us for review. It appears that the court considered matters outside the record in reaching his conclusion that the testimony of the psychologist was not credible. This was error and requires a reversal.

██ We have previously stated that the trial court has been given large discretion in ruling on petitions for change of custody, but that it is a judicial discretion and must be subject to review on the evidence heard in open court and a hearing must be held in conformity with substantial due process. The use of an investigative report not appearing in the record as a basis for a court's finding prevents such a hearing. Mikrut v. Mikrut, 113 Ill App 2d 446, 451, 452, 251 NE2d 84 (1969). See 35 ALR2d, Annotated, pages 630, 635.

We, therefore, dismiss the appeal as to the orders entered on April 25th, 1969 and on June 5th, 1969. We reverse the judgment order dated July 23rd, 1969. The cause is remanded to the court below to conduct a hearing to determine whether there has been a change in the circumstances affecting the welfare of the minor child, Jerry Egermaier, Jr., since the date of the June 5th, 1969 order.

Appeal dismissed in part; reversed and remanded in part, with directions.

ABRAHAMSON and MORAN, JJ., concur.