SUSAN BELLOW, Plaintiff-Appellee, v. SAUL BELLOW, Defendant-Appellant.
First District (4th Division)   No. 77-1788

Opinion filed May 17, 1979.

A. Bruce Schimberg, Henry L. Mason, III, Donald R. Cassling, George S. Feiwell, Michael A. Braun, and Patricia F. Sternberg, all of Chicago (Sidley & Austin and Feiwell, Galper & Lasky, of counsel), for appellant.

Jerome Berkson and Beermann, Swerdlove, Woloshin & Barezky, both of Chicago (Miles N. Beermann, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Susan Bellow brought this action under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72) to set aside a property settlement agreement entered into between the defendant, Saul Bellow, and herself and incorporated into their 1968 judgment for divorce. In July 1974, the trial court entered an order setting aside the agreement and its decision was affirmed on appeal. (*Bellow v. Bellow* (1976), 40 Ill. App. 3d 442, 352 N.E.2d 427.) Leave to appeal to the Supreme Court of Illinois was denied. Plaintiff then filed her petition for an award of temporary alimony and temporary child support which was allowed.

On July 1, 1977, the trial court ordered (1) the defendant to pay $1500 per month as and for interim alimony so long as plaintiff is employed; (2) defendant to pay $2500 per month when plaintiff becomes unemployed until the court establishes and fixes permanent alimony; (3) defendant to pay $650 per month as interim child support plus medical expenses and private schooling; and (4) that the question of attorneys' fees, permanent alimony, child support, and division of property be set for hearing at a future date.

Defendant failed to pay the award and filed a motion to vacate it. Plaintiff then moved for a rule to show cause why defendant should not be held in contempt of court. The trial court denied defendant's motion to vacate the award and subsequently held defendant in contempt of court.

Upon appeal, defendant raises the following issues: (1) Whether as a condition precedent to receiving an award of temporary alimony, plaintiff was required to restore to defendant the money she had received

under the vacated property settlement agreement; (2) whether the trial court's temporary support order was an abuse of discretion; and (3) whether defendant was properly held in contempt of court and sentenced to jail.

■■ The first issue urged by defendant on appeal is whether the plaintiff was required to restore to defendant the consideration she had previously received under the vacated property settlement agreement as a condition precedent to an award of temporary alimony. We hold that this question is properly reserved for the final hearing on permanent alimony and is not germane to the temporary order.

Defendant next contends that the trial court abused its discretion in awarding alternative amounts of temporary alimony depending upon plaintiff's employment status. In awarding temporary alimony, it is proper to consider the entire financial situation of both spouses. (*Green v. Green* (1976), 41 Ill. App. 3d 154, 172, 354 N.E.2d 661, 676.) A temporary support order is primarily within the sound discretion of the trial court and, absent an abuse of discretion, this court will not reverse such an order. (*Eule v. Eule* (1974), 24 Ill. App. 3d 83, 89, 320 N.E.2d 506, 511.) We cannot say the trial court abused its discretion in this case.

■■ At the time of the hearing on the temporary order, there was evidence that plaintiff's position with the State of Illinois was being abolished, and that she would be facing a period of unemployment. With this knowledge before the court, we find that the order covering such a contingency was within the discretion of the court. We do not think it was necessary to require the plaintiff to file a new petition saying that she was unemployed and therefore asking for an increase in support.

The third and last issue concerns whether defendant was properly held in contempt of court and sentenced to jail. On September 21, 1977, defendant filed a notice of appeal from the July 1, 1977, order denying the motion to vacate that order. On September 23, 1977, the return date for the rule to show cause why defendant should not be held in contempt of court, defendant presented his motion to set a supersedeas bond. The bond was set at $50,000. After that hearing, over defendant's objections, the court heard arguments on the rule to show cause. The court found defendant in contempt but continued the hearing to September 30, 1977, for the imposition of sanctions or punishment of defendant for his contempt. Defendant was out of the State on a teaching assignment at that time and his attorney informed the court that he was encountering unavoidable delays in securing the bond. By agreement between the court and defendant's attorney, the bond was not to be presented for approval until one day after sanctions were imposed in order to insure that the trial judge would not lose jurisdiction to impose sanctions. Defendant was granted additional time to file his bond. The court

extended the time for filing the supersedeas bond from the temporary support order twice more, and on October 18, 1977, defendant was sentenced to 10 days in jail. On October 19, 1977, the court entered a commitment order and at the same time approved the filing of the supersedeas bond. In order to allow defendant to perfect his appeal, execution of the commitment order was stayed for five days and a separate supersedeas bond was set and filed.

■■ We hold that the trial court did abuse its discretion by entering the contempt order and sentencing defendant to 10 days in jail. The defendant had already filed notice of his appeal from the order and received an extension of time for the filing of his supersedeas bond. *Nye v. Nye* (1950), 342 Ill. App. 11, 15-16, 94 N.E.2d 909, 911.

We are aware that since the matter has been pending in this court, a permanent order has been entered in the trial court. The defendant has filed an appeal from the permanent order which is now docketed in this court as case No. 79—436.

For the foregoing reasons, the orders of the circuit court of Cook County allowing interim alimony and child support are affirmed. The order finding defendant in contempt of court and sentencing him to 10 days in jail is reversed.

Affirmed in part; reversed in part.

JIGANTI, P. J., and ROMITI, J., concur.