*In re* MARRIAGE OF SONJA H. BROWN, Petitioner-Appellee, and NELSON F. BROWN, Respondent-Appellant.

First District (4th Division)   Nos. 79-252, 79-552 cons.

Opinion filed July 24, 1980.

Richard L. Vaughns, of Chicago, for appellant.

Rinella & Rinella, of Chicago (Barry A. Schatz and Catherine A. Higgins, of counsel), for appellee.

Mr. PRESIDING JUSTICE LINN delivered the opinion of the court:

Nelson F. Brown, respondent, through these consolidated appeals, seeks to reverse the order in case No. 77 D 1836 of the circuit court of Cook County allowing Sonja H. Brown, petitioner, to voluntarily dismiss without prejudice her divorce action. Petitioner obtained the dismissal under the provisions of section 52 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 52) (No. 79-252). Respondent also seeks to reverse the order in case No. 78 D 29211 of the circuit court of Cook County denying his motion to stay petitioner's dissolution of marriage petition and denying his motion to dismiss the dissolution action. Respondent sought the dismissal under the provisions of section 48 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(c)) (No. 79-552).

We affirm.

On January 27, 1977, petitioner in case No. 77 D 1836 filed her action for divorce. Neither petitioner nor respondent, who is an attorney and

originally appeared *pro se*, actively pursued the litigation and the trial of the case was continued from time to time.

On December 11, 1978, pursuant to notice, petitioner moved to voluntarily dismiss without prejudice the pending divorce action. The respondent filed his answer to the motion proposing that any dismissal be granted with prejudice or alternatively that the case be assigned for trial instanter. Following arguments by respective counsel, the trial court on December 14, 1978, entered its order allowing petitioner's motion to voluntarily dismiss without prejudice her divorce action. The order also provided "That respondent submit bill for costs within 10 days or he waives right to demand claim * * * for costs pursuant to statute."

Immediately after the entry of the section 52 order, which allowed dismissal without prejudice of the divorce action, respondent filed his notice of appeal (No. 79-252). On this appeal respondent contends the order was entered inappropriately because: (1) the notice of motion served upon respondent did not conform to the requirements of the rules of the circuit court of Cook County, (2) the dismissal order lacked legality since it did not provide for payment or tender the costs due the respondent, and (3) section 52 of the Civil Practice Act violates public policy since it allows "repeated and vexatious litigation and [is] prejudicial to the rights of respondent."

On December 19, 1978, petitioner, in case No. 78 D 29211, filed her petition for legal separation or in the alternative for dissolution of marriage under the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*). Thereupon, on January 4, 1979, respondent appeared in that case and filed a motion to dismiss the proceedings under section 48 (1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(c)), contending that another action for the same cause which sought the same relief was still pending between the parties. It was respondent's position that by virtue of his appeal of the voluntary dismissal order in connection with the earlier divorce proceedings and the fact that the appeal remained pending and undisposed of, that his section 48 request for an involuntary dismissal of the subsequent dissolution case should be allowed.

On January 12, 1979, after hearing arguments of respective counsel and reviewing cited authorities, the trial court denied respondent's section 48 motion. Then, on January 23, respondent filed a short record in this court in appeal No. 79-124 and sought leave to file an interlocutory appeal by permission of this court. (Ill. Rev. Stat. 1977, ch. 110A, par. 308.) In his application for a permissive appeal, respondent set forth the background facts and, while not following the precise requirements of a Supreme Court Rule 308 procedure, did in effect request this court to accept his

appeal from the trial court's section 48 ruling. By way of a separate motion, respondent also requested a stay of all proceedings in the trial court dissolution action pending this court's rulings.

On February 6, 1979, this court denied the respondent's motion to stay the dissolution proceedings and also denied respondent's application for an interlocutory appeal by permission pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308).[1]

On January 25, 1979, respondent filed his response to the petitioner's petition for legal separation or in the alternative for dissolution of marriage. Thereafter, on March 5, respondent again appeared before the trial court and presented his motion seeking a stay of all proceedings in the dissolution action pending this court's disposition of the section 52 appeal (No. 79-252). On March 7, 1979, the trial court denied respondent's motion to stay the dissolution proceedings. On the same day, respondent filed his notice of interlocutory appeal from the trial court's order of March 7 (No. 79-552).

Respondent's interlocutory appeal is brought pursuant to Supreme Court Rule 307, "Interlocutory Appeals as of Right." (Ill. Rev. Stat. 1977, ch. 110A, par. 307(a)(1).) It is respondent's contention on this appeal that: (1) the trial court abused its discretion in denying respondent's motion to stay the proceedings in the dissolution action until the appellate court ruled on respondent's section 52 appeal; and (2) the trial court erred in denying respondent's section 48 motion to dismiss the dissolution action.

The record discloses that on July 11, 1979, respondent, during the interlocutory appeal proceedings, presented to this court an "Emergency Motion to Stay Proceedings in the Circuit Court of Cook County [Case No. 78 D 29211]." Respondent moved for a stay in connection with certain actions initiated by petitioner regarding enforcement of the trial court's orders. The orders sought related to the right of petitioner to remove certain personal property, the respondent's obligation to submit to certain discovery, and the enforcement of a temporary attorney's fee allowance.

The record indicates that the petitioner filed her response to the petition seeking the stay and, on July 27, 1979, the motion for the stay was denied. Thereupon, respondent perfected another appeal (No. 79-1896) relating to the trial court's August 28, 1979, order which concerned itself with the personal property, discovery, and attorney's fees. On motion of petitioner, this appeal was dismissed by this court on November 29, 1979, on the grounds that the order appealed from was not final and thus not appealable.

---

[1] On March 27, 1980, the supreme court denied respondent's petition for leave to appeal the appellate court's ruling.

OPINION

I

We first turn to the issues raised by respondent in connection with his appeal (No. 79-252) of the petitioner's section 52 dismissal without prejudice, of her initial suit for divorce.

Section 52(1) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 52(1)), in relevant part, provides as follows:

"(1) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or his attorney, and upon payment of costs, dismiss his action or any part thereof, as to any defendant, without prejudice, by order filed in the cause. Thereafter he may dismiss, only on terms fixed by the court (a) upon filing a stipulation to that effect signed by the defendant, or (b) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. After a counterclaim has been pleaded by a defendant no dismissal may be had as to him except by his consent."

Respondent asserts the trial court abused its discretion in allowing the voluntary dismissal without prejudice. In that regard, respondent argues the trial court erred in holding a hearing on the motion to dismiss because notice of the hearing on the motion was not given to him in accordance with the provisions of circuit court of Cook County Rule 2.1(d). The said rule requires that if a notice is given by mail it shall be deposited in a United States Post Office or Post Office box on the fifth court day preceding the hearing of the motion.

Respondent claims that petitioner's attorney mailed the respondent the notice of motion relating to the voluntary dismissal on Thursday, December 7, 1978, and that the notice indicated the court hearing would be held on Monday, December 11, 1978.

On December 11, respondent appeared in court with his counsel and objected to the sufficiency of the notice. The court then continued the hearing on the motion to Thursday, December 14. On that date respondent was allowed to file instanter his answer to the motion. At the conclusion of the hearing on the motion and answer, the trial court entered its order granting the voluntary dismissal without prejudice. Respondent urges that it was legally impermissible for the trial court to enter its dismissal order when the notice was defective in not granting respondent the full five days' notice required under the court rule. Respondent would have us treat the notice rule as jurisdictional but cites no cases in support of that proposition.

The thread running through the cases cited by respondent in support of his position indicates that notice defects become fatal when as a result

of the defects, the opposing party is prejudiced in some significant manner. *Feldott v. Featherstone* (1919), 290 Ill. 485, 125 N.E. 361; *North Avenue Building & Loan Association v. Huber* (1918), 286 Ill. 375, 121 N.E. 721; *City of Palos Heights v. Village of Worth* (1975), 29 Ill. App. 3d 746, 331 N.E.2d 190.

■■ While notice provisions provided by rules of court should be strictly applied, such rules should not be used as a technical means of disqualification to keep litigants from trying their cases. (See *Schornick v. Prudential Insurance Co.* (1934), 277 Ill. App. 36.) It is when the defective notice creates prejudice that it should be applied. *Central Ice Cream Co. v. Goldenrod Ice Cream Co.* (1958), 18 Ill. App. 2d 7, 151 N.E.2d 466; *Galeener v. Hessel* (1937), 292 Ill. App. 523, 11 N.E.2d 997.

Respondent cites *Perec v. Little* (1969), 106 Ill. App. 2d 308, 245 N.E.2d 306, as authority that where there is a defect in the notice, the defect is fatal to a motion for voluntary dismissal without prejudice. *Perec* is a wrongful death and personal injury case. Plaintiffs there contended the trial court erred in refusing to dismiss count II of the complaint upon plaintiffs' motion. In affirming the trial court's ruling denying the dismissal, the appellate court pointed to the fact that the notice of motion was received by defendant one day before trial and the purpose of the motion was to prevent defendant from testifying under section 2 of the Evidence Act (Ill. Rev. Stat. 1967, ch. 51, par. 2) and further stated:

> "The plaintiffs' eleventh-hour motion would have had a substantial effect on the defendant's trial procedures and strategy.
> ❀ ❀ ❀
>    ❀ ❀ ❀
>
> Under these circumstances, we can see a substantial prejudice to the defendant if the plaintiffs had been permitted, at the eleventh-hour, to dismiss Count II of the complaint." 106 Ill. App. 2d 308, 314, 245 N.E.2d 306, 309.

■■ We hardly have the same situation before us as that in *Perec*. Here, the able trial judge sought to dispel any prejudice to respondent, if any did in fact exist, by continuing the hearing date to the following week—and granted respondent adequate time to prepare and file his responsive pleading. No harm or substantial prejudice was suffered by respondent in connection with the notice served by petitioner. Nor does the respondent allege any harm or substantial prejudice came to him as a result of the notice. While we do not condone failure to comply with the rules relating to notice, under the circumstances in this case we fail to find any merit in the respondent's position.

Having had a full and complete hearing, the respondent hardly can assert he was subjected to prejudice in that he did not prevail. Failure to

have one's position sustained after a full and complete hearing on the merits is hardly tantamount to prejudicial conduct which brings about a negative result.

## II

Respondent next asserts that the section 52 dismissal order should not have been entered since the order did not provide for the payment or tender of costs as required under the provisions of section 52 of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 52.) Respondent contends the dismissal order could be entered only "upon payment of costs." The petitioner counters that by requesting a section 52 dismissal she incorporated by reference her willingness to meet the requirement of the statute to pay to respondent all costs legally and properly due him.

The record discloses the following colloquy between the trial court and counsel for respondent:

Mr. Vaughns [Attorney for respondent]: That is the point we wish to address ourselves to. There is nothing in his motion * * * where he indicates he is making a tender of the costs here. It is cost involved.

The court: What are the costs involved?

Mr. Vaughns: As contemplated under Section 52, is the costs the other side would have accumulated in preparing themselves for trial.

The court: That is not the definition of costs * * *.

Prepare a cost bill. I am going to dismiss the case pursuant to 52. You can prepare a cost bill and submit it. You know what costs are. Do I have to sit here and teach you what costs are?

Mr. Schatz [Attorney for petitioner]: The costs of litigation, that is, your appearance and any transcripts.

The court: And not attorneys fees.

Mr. Vaughns: We haven't said anything about attorneys fees.

The court: Prepare a cost bill. I am going to dismiss the case. Prepare a bill and give it to him.

Mr. Vaughns: He did not set forth in his motion, Judge. If the court is indicating they are going to take that into consideration.

The court: I am going to prepare an order, counsel, dismissing the case, as voluntary nonsuit, and reserve the question of cost. A bill is to be submitted by you to counsel within 10 days or you are waiving costs, one or the other."

It is evident from the record that the court and the parties were aware of the "payment of costs" provision of section 52. It is also apparent that at the time of the hearing on the dismissal motion, the respondent had made no calculation of the exact costs that would be due him were

the motion to be allowed. Accordingly, the trial court in effect ordered the presentation of a "bill of costs" by the respondent and reserved ruling thereon if any dispute arose between the parties as to what were properly chargeable costs. It should be noted that respondent did not at any time thereafter present or tender a "bill of costs," although the trial court's order encompassed its reserved ruling on a cost bill that was to be submitted.

Unlike the case of *Juen v. Juen* (1973), 12 Ill. App. 3d 284, 297 N.E.2d 633, where the denial of a section 52 motion was upheld because there was no indication in the record that appellant paid or tendered the payment of costs, here the record clearly discloses the petitioner's acknowledgement of her liability and her willingness to pay the legally proper costs due respondent. See *In re Marriage of Hanlon* (1980), 83 Ill. App. 3d 629.

We find the respondent's position on the issue of the "payment of costs" to be without merit.

### III

It is next claimed by respondent that the granting of petitioner's section 52 motion runs contrary to public policy because allowing a section 52 motion creates "repeated and vexatious litigation and is prejudicial to the rights of the respondent." The respondent points to the fact that petitioner merely sought to file (and actually did, within a few days after the section 52 dismissal order was entered) a proceeding under the new Illinois Marriage and Dissolution of Marriage Act. Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*

The respondent again cites *Juen v. Juen* (1973), 12 Ill. App. 3d 284, 297 N.E.2d 633, as authority that a section 52 motion will be denied where it is clear that further litigation would be instituted shortly after the case is dismissed without prejudice.

*Juen* is distinguishable from the case before us. In *Juen*, the petitioner sought dismissal of her divorce action after the matter had been fully heard but prior to entry of a decree. Her desire was to dismiss her divorce suit and thereafter file an action for separate maintenance. Additionally, her motion failed to comply with the requirements of the section 52 motion where trial or hearing had already proceeded. Thus, the court in *Juen* could well conclude that the policy of discouraging vexatious litigation would not be furthered by allowing a section 52 dismissal of the action.

In the case before us, however, no trial or hearing on the merits had begun. Section 52 is clear and unambiguous in its language:

"(1) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or his attorney, and

upon payment of costs, dismiss his action or any part thereof, as to any defendant, without prejudice, by order filed in the cause." Ill. Rev. Stat. 1977, ch. 110, par. 52.

As noted in *Galeener v. Hessel* (1937), 292 Ill. App. 523, 526, 11 N.E.2d 997, 998:

"Under Section 52 of the Civil Practice Act it would appear that a plaintiff has a right to dismissal at any time between the bringing of the suit and the entry upon the trial, upon giving notice to the defendant and the payment of costs."

See also *Shady v. Shady* (1973), 10 Ill. App. 3d 801, 295 N.E.2d 130; *Savage v. Seed* (1980), 81 Ill. App. 3d 744.

■ We are compelled to conclude that petitioner, under the facts and circumstances in this case, had an absolute right to the voluntary dismissal without prejudice which she sought. The trial court's order was legally proper in all respects. The trial court's determination was based on the facts before it, and its order reflected no abuse of its discretionary powers.

## IV

We now turn to the issues raised by respondent in connection with his appeal (No. 79-552) brought pursuant to Supreme Court Rule 307— "Interlocutory Appeals as of Right." Ill. Rev. Stat. 1977, ch. 110A, par. 307(a)(1).

First, respondent contends the trial court abused its discretion in denying respondent's motion to stay proceedings in the dissolution action until this appellate court ruled on respondent's section 52 appeal. Respondent argues that if he prevailed on his section 52 appeal, the dismissal of petitioner's initial divorce action would be altered to be a dismissal with prejudice and then respondent could plead res judicata or estoppel by judgment in petitioner's subsequent dissolution action.

Second, respondent contends the trial court erred in denying his motion to dismiss the petitioner's dissolution action pursuant to the provisions of section 48 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(c)). Section 48(1)(c) provides for an involuntary dismissal of the action where " * * * there is another action pending between the same parties for the same cause."

Respondent urges that his section 48(1)(c) motion to dismiss the petitioner's dissolution action should have been allowed since there remained pending and undisposed of, a like action between the same parties, namely, the undetermined appeal of the order dismissing the petitioner's earlier filed divorce proceedings.

While our ruling that the section 52 dismissal was properly entered may make moot the issues raised by respondent, we nevertheless will address the respondent's contentions to the extent we deem necessary.

The record discloses that on January 4, 1979, the respondent filed in the trial court his section 48 motion to dismiss petitioner's dissolution proceedings. This motion was denied by the trial court on January 12. On January 23, 1979, respondent presented his motion to this court seeking leave to file his interlocutory appeal by permission pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308) (No. 79-124). Respondent sought reversal of the trial court's order which denied respondent's motion to dismiss the pending dissolution action. Respondent also sought a stay of the dissolution proceedings. On February 6, this court, after consideration of the respondent's application to file his permissive appeal, denied his motion to do so.

On March 5, 1979, respondent filed a motion in the trial court for a stay of proceedings. This motion set forth essentially the same assertions presented to this court in the permissive interlocutory appeal motion. On March 7 the trial court denied respondent's motion and later that day the respondent filed his interlocutory appeal which we now are addressing.

We also note that on July 11, 1979, during the pendency of this appeal, the respondent presented his motion to this court seeking a further "emergency" stay of proceedings of the trial court dissolution action. This court, on July 27, after considering the motion for the stay and the objections filed to the motion, denied the stay.

■ In connection with respondent's first contention, we fail to discern any abuse of discretion by the trial court in denying the stay of the dissolution action pending the outcome of the respondent's section 52 appeal. Nor can we find where any abuse of discretion is pointed out. The provisions of Supreme Court Rule 305 (Ill. Rev. Stat. 1977, ch. 110A, par. 305(b)(1)(b)(2)), which prevail, inferentially require the court to exercise its discretion in granting or denying the stay that is sought. We find no evidence that the trial court abused its discretion in denying respondent's request for a stay of the dissolution proceedings. *City of Chicago v. Cosmopolitan National Bank* (1979), 77 Ill. App. 3d 213, 395 N.E.2d 1070; see also *Bellow v. Bellow* (1979), 72 Ill. App. 3d 608, 391 N.E.2d 29.

In connection with respondent's second contention to the effect that the trial court erred in denying respondent's section 48 motion to dismiss, the record fails to disclose that an appeal was filed from the order denying that motion. The section 48 motion to dismiss was denied by the trial court's order of January 12, 1979. The notice of interlocutory appeal filed on March 7, 1979, reads:

> "1. Nelson F. Brown, appellant above named, hereby appeals the order entered in this cause on March 7, 1979, denying his Motion to Stay Proceedings.
>
> 2. Appellant prays that the above order be reversed and an order be entered staying these proceedings."

■■ Review by this court is limited to final judgments and certain

interlocutory orders where a timely appeal has been perfected. (See *Browning v. Heritage Insurance Co.* (1974), 20 Ill. App. 3d 622, 314 N.E.2d 1; *Egermaier v. Egermaier* (1970), 128 Ill. App. 2d 448, 262 N.E.2d 376.) We find no basis allowing us to review the section 48 order where no appeal from that order was perfected.

Finally, we note with a degree of perplexity, the respondent's assertions as set forth by him in the record, that his interest in promoting judicial economy was tied to the nature and extent of his litigation. Respondent particularly points to the great waste of judicial and litigant effort involved in allowing petitioner to voluntarily dismiss her divorce action and then allow her to file a dissolution action just a few days later. We believe the petitioner much more accurately describes the respondent's conduct including his many motions and four appeals, as clearly evidencing his intent to "vex, harass and persecute * * * and frustrate her pursuit of justice in an orderly manner."

For the reasons noted, we affirm the trial court.

JIGANTI and ROMITI, JJ., concur.