*In re* MARRIAGE OF CAROLE FINE, Plaintiff-Appellee, and GEORGE FINE, Defendant-Appellant.

First District (2nd Division)   No. 82—2155

Opinion filed July 26, 1983.

Richard L. Hoffman, of Chicago, for appellant.

Kalcheim & Kalcheim, Ltd., of Chicago (Ilene E. Shapiro, of counsel), for appellee.

JUSTICE STAMOS delivered the opinion of the court:

The sole question presented for review in this case is whether evidentiary hearings on plaintiff Carole Fine's right to temporary maintenance and a preliminary injunction are "hearings" within the meaning of section 52(1) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 52(1)), so as to bar her absolute right to dismiss her action pursuant to that section.

On March 16, 1981, Carole Fine commenced an action for dissolution of marriage against defendant George Fine. The complaint also contained alternative counts praying for damages, specific performance, a constructive or resulting trust, and for an equitable lien. These latter counts were all based on Carole's contention that the house occupied by the couple during the marriage was actually a marital asset, although title was in Meyer Fine, George's father.

Between March of 1981 and June 8, 1982, Carole presented various motions for temporary maintenance and preliminary injunctions. Those motions were denied by the court after evidence was heard and memoranda were considered.

On June 8, 1982, Carole filed a motion for voluntary dismissal pursuant to section 52(1) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 52(1)), which provides in pertinent part:

"The plaintiff may, at any time before trial or hearing begins, *** upon payment of costs, dismiss his action or any part

thereof as to any defendant, without prejudice, by order filed in the cause."

The court granted Carole's motion on June 11, 1982, and denied George's timely motion to vacate that order on September 1, 1982. George appeals, contending that the evidentiary hearings on Carole's motions for temporary relief constituted "hearings" within the meaning of section 52(1), and that therefore Carole did not have the absolute right to dismiss her action upon payment of George's costs.

This case turns on the meaning of the word "hearing" as it is used in section 52(1) of the Civil Practice Act. The question of whether a "hearing" has commenced within the meaning of that section so as to bar the plaintiff's absolute right to dismiss the action has been given confusing treatment by the various panels of the appellate court, and a review of the cases treating the question is necessary to a discussion of the issue.[1]

■ The word "hearing" has two distinct usages, as a generic term and as a term of art. Black's Law Dictionary (4th ed. 1968), defines a hearing as a "[p]roceeding of relative formality *** with definite issues of fact or of law to be tried *** much the same as a trial" but also states "In equity practice. The trial of the case, including introduction of evidence, argument of counsel, and decree of court." (Black's Law Dictionary 852 (4th ed. 1968).) In the most precise sense, then, a "hearing" is a trial at equity, and the term may be used interchangeably with the word "trial." In its popular sense, the term applies to any formal proceeding before a judge or other magistrate exercising a judicial function. See *Menard v. Bowman Dairy Co.* (1938), 296 Ill. App. 323, 326, 15 N.E.2d 1014.

Section 52 was enacted in 1933, along with the rest of the Civil Practice Act. The fact that the statute was enacted before the merger of law and equity, and the fact that the predecessor statute provided that a nonsuit could be had before the case was submitted to the jury or before the case was submitted for final decision to the court in a bench trial, should lead to the conclusion that the word "hearing" was intended by the legislature to refer to trials at equity, and that the term was used to preserve the symmetry between the availability of voluntary dismissals in bench and jury trials which existed in the predecessor statute. Under this reading, the beginning of the "trial" in a legal action or the beginning of the "hearing" in an equitable

---

[1]For an exhaustive review of most of the cases discussed herein, see Note, *The Vanishing Right of a Plaintiff to Voluntarily Dismiss His Action*, 9 J. Mar. J. Prac. & Proc. 853 (1976).

action is the only event which cuts off the plaintiff's absolute right to dismiss the action without prejudice. No court, however, has interpreted this provision in this way.

The first case to indicate that pretrial hearings may be "hearings" within the meaning of section 52 was *Menard v. Bowman Dairy Co.* (1938), 296 Ill. App. 323, 15 N.E.2d 1014. In that case, the court held that the prohibition of the statute applied to hearings before a master in chancery. That holding appears to be based upon the court's conclusion that the statute applies to "hearings" in the popular sense, *i.e.*, hearings before any magistrate exercising judicial power. However, it should be noted that a hearing before a master in chancery under former practice was essentially the "trial" of the case, because that was the portion of the case which embodied the parties' opportunity to present evidence.

The question of what types of "hearings" fall within the meaning of that term in section 52 became more complex with the decision of *Bernick v. Chicago Title & Trust Co.* (1945), 325 Ill. App. 495, 60 N.E.2d 442. In that case, the defendant filed a motion to dismiss the case under section 45 of the Civil Practice Act, and also filed a motion under section 48(1)(c) of that act alleging that the action was barred by *res judicata*. The court granted the section 45 motion and allowed the plaintiff to amend the complaint. The court reversed its ruling on the section 48 motion. The plaintiff then moved to dismiss the action pursuant to section 52(1), and the trial court granted the motion. The appellate court reversed, reasoning that the defense of *res judicata* is a controlling defense which, if found to exist, will terminate the litigation. Therefore, the hearing on the section 48(1)(c) motion was a "hearing" under section 52 because the granting of the motion would in effect dispose of the case. (325 Ill. App. 495, 501-02.) The court concluded that the absolute right to a voluntary dismissal was lost when that motion was taken under advisement. We note that the court seemed to assume that the section 48(1)(c) motion had merit in that case. The court did not address whether the unsuccessful prosecution of a section 48(1)(c) motion would operate as a bar to the plaintiff's right to a voluntary dismissal.

The *Bernick* holding was explained by the court in *North Park Bus Service, Inc. v. Pastor* (1976), 39 Ill. App. 3d 406, 349 N.E.2d 664. In that case, the court noted that the trial court is authorized to decide disputed issues of fact on affidavit and testimony in a section 48 motion (see Ill. Rev. Stat. 1981, ch. 110, par. 48(3)), while the court may only decide the sufficiency of the complaint in a section 45 motion and may only decide if a disputed question of fact exists when

passing on a motion for summary judgment. The court concluded that a section 48 motion can not be considered a preliminary proceeding for the reason that an entire cause of action may rise or fall on the motion. The court stated that while a hearing on a section 48 motion is a "hearing" within the meaning of section 52(1), hearings on a section 45 motion or a motion for summary judgment are not. 39 Ill. App. 3d 406, 409-10; see *City of Palos Heights v. Village of Worth* (1975), 29 Ill. App. 3d 746, 749, 331 N.E.2d 190.

The other cases which have treated the question of whether a "hearing" has commenced within the meaning of section 52 have set forth the general rule that a "hearing" occurs when the court takes evidence for the determination of issues in the action sought to be dismissed. (See *In re Marriage of Mostow* (1981), 95 Ill. App. 3d 915, 917, 420 N.E.2d 731; *Central Ice Cream Co. v. Goldenrod Ice Cream Co.* (1958), 18 Ill. App. 2d 7, 9, 151 N.E.2d 466.) This general rule has been applied to hold that a hearing had not begun when: (1) a hearing on a petition for temporary maintenance had been held (*Mostow*); (2) defendant had taken the evidence deposition of an ailing witness (*Wright*); and (3) a hearing on a preliminary injunction had been conducted during which the parties had stipulated that evidence taken in that hearing would be considered as evidence going to the merits of the case. *Central Ice Cream Co.*

■ It is clear that the situation presented by the instant case falls squarely within the holdings of *Mostow* and *Central Ice Cream Co.* Here, a hearing on a preliminary injunction and hearings on temporary maintenance were conducted. Although the likelihood of the plaintiff's success on the merits of the case must be scrutinized at such a hearing, no ultimate determination of the plaintiff's right to permanent relief is made at that time, and therefore, under the rule enunciated in those cases, no hearing within the meaning of section 52 had begun. (*Cf. Long v. City of New Boston* (1982), 91 Ill. 2d 456, 461, 440 N.E.2d 625 ("trial" means a judicial determination of the merits of plaintiff's claims with respect to the legal issues presented).) Although the instant case could be disposed of by an order to this effect, we are cognizant of the unusual amount of confusion engendered by the cases interpreting the meaning of the word "hearing" in section 52(1). We therefore find it desirable to go further and to propound the simple and easily applied rule that a "hearing," being merely the equitable equivalent of a "trial" as it is used in section 52(1), does not begin until the parties begin to present their arguments and evidence to the court sitting without a jury in order to achieve an ultimate determination of their rights. Under this rule, an

examination of defenses under section 48 of the Civil Practice Act is no more a "hearing" under section 52(1) than are other proceedings relating to preliminary motions.

We adopt this rule primarily because of the anomaly that results from the current rule that the consideration of a section 48 motion bars the plaintiff's absolute right to dismiss the action while a hearing on preliminary equitable relief does not. Although ultimate determinations of fact are made in passing on a section 48 motion, those determinations go to the existence of technical defenses to the action rather than to the disputed issues in the underlying controversy. Contrariwise, although no ultimate determinations of fact are made in a hearing on a preliminary injunction, the issues examined generally are derived from the same facts as the transaction complained of in the underlying action. There seems to be no logical reason why an unsuccessful section 48 motion initiated by the defendant should operate to bar the plaintiff's absolute right to dismiss the action, while a successful plaintiff may gain extraordinary, if preliminary, equitable relief which may have a profound effect on the positions of the parties, and may still retain the absolute right to dismiss the action.

For the reasons expressed herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DOWNING, P.J., and HARTMAN, J., concur.