ELIZABETH DILLIE, Plaintiff-Appellee, *v.* KELLY LEE BISBY *et al.*, Defendants-Appellants.

Third District   No. 3—83—0106

Opinion filed January 26, 1984.

STOUDER, P.J., specially concurring.

Max D. Cartwright, of Bozeman, Neighbour, Patton & Noe, of Moline, for appellants Kelly Lee Bisby and William A. Bisby.

Robert T. Park, of Katz, McAndrews, Durkee, Balch & Lefstein, P.C., of Rock Island, for appellants Dianne J. Verschoore and Scott Verschoore.

Shepard Gould, Peter D. Kasdin, and Philip J. Nathanson, all of Kasdin & Nathanson, of Chicago, and Frank G. Schubert, of Rock Island, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

In this personal injury action, the defendants filed motions to dismiss with prejudice because of the plaintiff's failure to exercise due diligence in obtaining service of process after the statute of limitations had run. (87 Ill. 2d R. 103.) The plaintiff filed a motion for voluntary dismissal. The plaintiff's motion was granted, and the defendants' motions were denied. The defendants appeal.

The plaintiff correctly argues that an order granting a motion for voluntary dismissal and denying a motion to dismiss is not final or appealable. Denial of a motion to strike or dismiss is an interlocutory order, which is not a final disposition of the proceeding sufficient to confer jurisdiction on an appellate court. (*Rosinia v. Gusmano* (1980), 90 Ill. App. 3d 882.) Likewise, an order of voluntary dismissal is not a final disposition because the plaintiff is permitted to refile the action within one year. Ill. Rev. Stat. 1981, ch. 110, par. 13—217.

Although the plaintiff has not filed a motion to dismiss, an appellate court is without jurisdiction to review nonfinal orders. Therefore, we will dismiss the defendants' appeal on our own motion.

It is to be noted, however, that the author of this opinion and Justice Scott, who concurs therewith, both also concur with the views expressed by Justice Stouder in the special concurring opinion.

Appeal dismissed.

SCOTT, J., concurs.

PRESIDING JUSTICE STOUDER, specially concurring:

I concur in the result reached by the majority. However, I feel that a contrary result would be more just, fair and reasonable. A failure to review a voluntary dismissal allows the plaintiff an opportunity to manipulate the judicial system. This is precisely what has occurred in this case. The defendant has alleged that the plaintiff failed to diligently serve a party-defendant and moved to dismiss with prejudice pursuant to Supreme Court Rule 103(b). The plaintiff then moved for a voluntary dismissal, which plaintiff contends that it has an absolute

right to. The absolute right to a voluntary dismissal of its complaint without prejudice prohibits or deprives a trial court of the opportunity to consider the dismissal motion filed by the defendant under Supreme Court Rule 103(b). The majority here contends that a voluntary dismissal under section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1009) is not appealable. Section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13—217) then permits the plaintiff to file a new lawsuit within a one-year period following the voluntary dismissal of the suit. Plaintiff has, therefore, completely avoided a dismissal with prejudice which would have barred refiling of the action.

Recently the First District has reviewed a voluntary dismissal case, *In re Marriage of Fine* (1983), 116 Ill. App. 3d 875, despite its apparent unappealability, to decide what constitutes a hearing under section 2—1009. The First District decided that a hearing is merely the equitable counterpart of a trial and, therefore, that a voluntary dismissal could be granted up to the time the trial commenced despite previous holdings by the First District to the contrary. What is most instructive is that the First District said nothing about reviewing a judgment which the majority here holds is not a final determination. In this case, the plaintiff argues that two Illinois Supreme Court cases control on the issue of finality. (*Wold v. Bull Valley Management Co.* (1983), 96 Ill. 2d 110, 449 N.E.2d 112; *Flores v. Dugan* (1982), 91 Ill. 2d 108, 435 N.E.2d 480.) Both of these cases involve dismissals for want of prosecution rather than a voluntary dismissal as in this case. However, a distinction between a voluntary dismissal and dismissal for want of prosecution is difficult because both dismissals are without prejudice and both are subject to the one-year extension statute (Ill. Rev. Stat. 1981, ch. 110, par. 13—217). Therefore, it is curious that the First District reviewed *Fine* at all if *Wold* and *Flores* are binding as to the reviewability of voluntary dismissals.

To further complicate matters in this area section 13—217, the one-year extension of the statute of limitations, has been broadly interpreted by the Illinois Supreme Court to protect a plaintiff even though he may not have been a "diligent suitor." (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585; *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 363 N.E.2d 796.) In these cases the Illinois Supreme Court claims to have read section 13—217 literally by reading the sentence "then, whether or not the time limitation for bringing such action expires during the pendency of such action" to mean that section 13—217 provides for an absolute right to refile except for cases not filed initially within the period of the statute of lim-

itations. Read literally, however, even cases initiated outside of the limitation period should be subject to section 13—217 because the statute specifies that it is immaterial whether the statute of limitations expires during the pendency of the action meaning it could expire either before or after. This result was clearly not the intent of the legislature. I also do not believe that the statute should protect the plaintiff who fails to diligently serve a defendant.

Protecting an irresponsible plaintiff clearly allows parties to circumvent Supreme Court Rule 103(b). Supreme Court Rule 103(b) demands that a verdict of dismissal with prejudice be entered against a plaintiff who fails to exercise reasonable diligence in obtaining service on a defendant. The decisions which have approved a voluntary dismissal of a complaint where a dismissal motion for negligence in service of summons under Rule 103(b) is pending have both failed to discuss and appreciate that permitting the dismissal without prejudice effectively nullifies Rule 103(b). The skillful but nondiligent practitioner may nullify Rule 103(b) by merely moving to dismiss his complaint. Ordinary rules of statutory construction would not permit the interpretation of one statute to nullify another and, yet, this is exactly what has happened in this case. It seems to me that at a minimum any defense motion which might result in the dismissal of a complaint with prejudice should have priority over a plaintiff's voluntary dismissal motion. *LaBarge v. Corn Belt Bank* (1981), 101 Ill. App. 3d 741, 428 N.E.2d 711, illustrates the confusion and unsatisfactory nature of the application of this rule.

Because *stare decisis* so requires, I reluctantly concur in the result reached by the majority.