NORMAN KIVEN, Personal Representative of the Estate of Miriam Kiven, Deceased, Plaintiff-Appellee, v. MERCEDES-BENZ OF NORTH AMERICA, INC., *et al.*, Defendants (Chicago and North Western Transportation Company, Defendant-Appellant).

First District (4th Division)  No. 84—1836

Opinion filed November 27, 1985.

George H. Brant and John P. Milroy, both of Chicago, for appellant.

No brief filed for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

In this personal injury action defendant Chicago and North Western Transportation Company filed a motion to dismiss with prejudice pursuant to Supreme Court Rule 103(b) (87 Ill. 2d R. 103(b)) because of plaintiff's failure to exercise due diligence in obtaining service of process after the statute of limitations had run. Plaintiff then filed a motion for voluntary dismissal. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009.) The trial court granted plaintiff's motion and denied defendant's motion. On appeal, defendant raises three issues: (1) whether an appeal may be taken from the granting of plaintiff's motion un-

der section 2—1009 of the Code of Civil Procedure; (2) whether a dispositive motion pending under Supreme Court Rule 103(b) should have priority over plaintiff's motion for voluntary dismissal under section 2—1009; and (3) whether Illinois decisions have created a conflict between section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217) and Supreme Court Rule 103(b). Plaintiff has not filed a brief as appellee, but this does not preclude disposition of the appeal. *First Capitol Mortgage Corporation v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

We affirm.

On March 31, 1981, plaintiff filed a products liability action against Mercedes-Benz of North America, Inc., on behalf of the deceased who died in an accident on February 17, 1981, while driving a Mercedes vehicle. On November 24, 1982, plaintiff requested leave to file an amended complaint adding the city of Chicago as a codefendant. On December 14, 1982, plaintiff filed a second amended complaint naming the Chicago and North Western Transportation Company (North Western) in addition to Mercedes-Benz and the city of Chicago as defendants. This complaint charged North Western with negligence in the marking and maintenance of a viaduct pillar which deceased allegedly struck. The record shows that the city of Chicago was served with summons on December 30, 1982, but that service upon North Western was returned not found on January 3, 1983. Service was subsequently made upon North Western on February 22, 1984.

North Western then filed a motion to dismiss the second amended complaint pursuant to Supreme Court Rule 103(b) alleging that the two-year statute of limitations for wrongful death action had expired on February 18, 1983, and that North Western was not served until February 22, 1984, over a year and two months after the second amended complaint was filed. North Western further alleged that it first received knowledge of the action when served with summons and that North Western had been located at its present corporate headquarters for three years before service. The motion was accompanied by an affidavit of North Western's claims supervisor, who attested that North Western's claims department had not received notification of the accident or any claims related thereto until it received a copy of the second amended complaint in February 1984.

Plaintiff then filed a motion to voluntarily dismiss the case against all defendants pursuant to section 2—1009. North Western

objected to the voluntary dismissal on the ground that its motion under Supreme Court Rule 103(b) should have priority and that plaintiff's motion to voluntarily dismiss was an attempt to evade a decision on North Western's motion.

On June 21, 1984, the trial court conducted a hearing on both the motions of plaintiff and North Western. The trial court did not consider the merits of North Western's motion but stated that the only issue was whether it could give priority to North Western's motion over plaintiff's motion for voluntary dismissal. The court therefore ruled that under *Dillie v. Bisby* (1984), 121 Ill. App. 3d 559, 459 N.E.2d 1097, *vacated* (1985), 106 Ill. 2d 487, 478 N.E.2d 1338, and *In re Marriage of Fine* (1983), 116 Ill. App. 3d 875, 452 N.E.2d 691, it was bound to allow plaintiff's motion for voluntary dismissal to take precedence over North Western's motion to dismiss under Supreme Court Rule 103(b).

■ We first consider whether the voluntary dismissal of this case under section 2—1009 was a final order appealable by the defendant. Under the authority of the Illinois Supreme Court's recent decisions in *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787, and *Dillie v. Bisby* (1985), 106 Ill. 2d 487, 478 N.E.2d 1338, we conclude that the voluntary dismissal of this case is appealable. In *Kahle v. John Deere Co.*, the court held that the voluntary dismissal of a case under section 2—1009 was a final order appealable by the defendant.

The facts of *Dillie v. Bisby* are very similar to those in the case at bar. Defendant there filed a motion to dismiss plaintiff's personal injury action with prejudice due to plaintiff's failure to exercise due diligence in obtaining service of process after the statute of limitations had run. The plaintiff then filed a motion for voluntary dismissal. After simultaneously considering both motions and hearing arguments on whether the merits of the motion pursuant to Supreme Court Rule 103(b) had to be decided before plaintiff's motion for voluntary dismissal would be considered, the trial court there granted the voluntary dismissal and then denied defendant's Rule 103(b) motion without considering it on the merits. The plaintiff then refiled her action under section 13—217 of the Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, par. 13—217.) The appellate court subsequently dismissed defendant's appeal on the ground that an order granting a motion for voluntary dismissal and denying a motion to dismiss is not final or appealable. (*Dillie v. Bisby* (1984), 121 Ill. App. 3d 559, 459 N.E.2d 1097.) The supreme court, on the authority of its earlier decision in *Kahle v. John Deere Co.*, held that the order

of voluntary dismissal was appealable by the defendant, but did not reach the merits of the question of the propriety of the voluntary dismissal because the appellate court's disposition of the appeal was on the grounds of jurisdiction. The court then remanded the case to the appellate court for consideration of that question.

Upon remand, the appellate court in *Dillie v. Bisby* (1985), 136 Ill. App. 3d 170 (petition for leave to appeal pending, No. 62501), noted that the combined effect of sections 2—1009 and 13—217 is to nullify Supreme Court Rule 103(b). The court there found, without citing any authority, that a trial court should have discretion to consider any defense motion which might result in a dismissal with prejudice prior to ruling upon a plaintiff's voluntary dismissal motion. Because the trial court there did not exercise that discretion, the appellate court remanded the cause to the trial court for further proceedings.

In *LaBarge, Inc. v. Corn Belt Bank* (1981), 101 Ill. App. 3d 741, 428 N.E.2d 711, the appellate court reached the opposite result on similar facts. There, defendant moved to dismiss the action pursuant to Supreme Court Rule 103(b) because it had not been served, although the complaint was filed within the applicable statute of limitations. Prior to a hearing on defendant's motion, the trial court allowed plaintiff's motion for a voluntary dismissal. When plaintiff subsequently refiled the action within one year and served defendant with process, defendant filed a motion to dismiss claiming that the statute of limitations had run prior to service. The trial court then dismissed the action on the ground that plaintiff had not been diligent in serving summons on defendant in the original action, reasoning that since the action would have been dismissed with prejudice under Rule 103(b) had defendant's motion been heard before plaintiff's motion for voluntary dismissal, the second suit could not be maintained in light of plaintiff's dilatory tactics.

On appeal, the appellate court reversed. While acknowledging that plaintiff's motion for a voluntary dismissal was obviously an attempt to avoid a dismissal with prejudice, the court noted that section 52 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 52, now Ill. Rev. Stat. 1983, ch. 110, par. 2—1009), stated in part that "[t]he plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." The appellate court found that the relevant question was whether a motion for a voluntary dismissal filed after a motion to

dismiss under Supreme Court Rule 103(b) was "before trial or hearing." The court noted that the only type of pretrial motion that courts have considered to have occurred after a trial or hearing begins are motions for involuntary dismissal under section 48 of the Civil Practice Act. (Ill. Rev. Stat. 1979, ch. 110, par. 48, now Ill. Rev. Stat. 1983, ch. 110, par. 2—619.) The court then concluded that because none of the enumerated bases for involuntary dismissal under that section would encompass a lack of diligence in service of process covered by Supreme Court Rule 103(b), motions filed under that rule do not constitute "a trial or a hearing" within the meaning of the voluntary dismissal statute.

In the decision of *In re Marriage of Fine* (1983), 116 Ill. App. 3d 875, 452 N.E.2d 691, this court noted the confusion engendered by the case law interpreting the meaning of the word "hearing" in the voluntary dismissal statute. There, this court considered the question of whether evidentiary hearings on a plaintiff's right to temporary maintenance and a preliminary injunction are "hearings" within the meaning of the voluntary dismissal statute so as to bar plaintiff's absolute right to a voluntary dismissal. We there noted that *Bernick v. Chicago Title & Trust Co.* (1945), 325 Ill. App. 495, 60 N.E.2d 442, held that a hearing on a motion for involuntary dismissal under section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 48(1)(c), now Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(3)) was a "hearing" under the voluntary dismissal statute because granting of the motion for an involuntary dismissal would dispose of the case. In *Fine*, it was clear that there had been no hearing within the meaning of the voluntary dismissal statute because no ultimate determination of the plaintiff's right to permanent relief could have been made at a hearing on a preliminary injunction or a hearing on temporary maintenance. Nevertheless, this court found it desirable to go further, and propounded the rule that a "hearing" does not commence until the parties begin to present their arguments and evidence to the court sitting without a jury in order to achieve an ultimate determination of their rights. This court concluded, in *dicta*, that an examination of defenses under the involuntary dismissal section of the Civil Practice Act is no more a "hearing" under the voluntary dismissal statute than are other proceedings relating to preliminary motions.

In *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787, the supreme court adopted a similar definition of "hearing" for purposes of the voluntary dismissal statute. There, the court, in holding that rulings on a motion *in limine* do not constitute a "hear-

ing" for purposes of the voluntary dismissal statute, stated that a hearing pursuant to that statute is a nonjury proceeding in which evidence is taken on the merits. In a concurring opinion, Chief Justice Ryan noted that the facts of that case demonstrated a grave abuse of the extension of the statute of limitations provided in section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217), which permits commencement of the new action within one year after a voluntary dismissal by the plaintiff. However, he noted that the purpose of that statute was to protect the plaintiff from his loss of the right to relief on the merits because of some procedural defect. He further suggested that the General Assembly consider limiting the right to refile after a voluntary dismissal under section 13—217 to prevent the abuse apparent in that case.

■ Under *Kahle v. John Deere Co.* and *In re Marriage of Fine,* we conclude that North Western's motion for relief under Supreme Court Rule 103(b) did not constitute a "hearing" under the voluntary dismissal statute because the parties did not present arguments and evidence to the court on the merits of the case to achieve an ultimate determination of their rights. Therefore, plaintiff had an absolute right to a voluntary dismissal.

The circumstances of this case demonstrate that the combined effect of sections 2—1009 and 13—217, as noted by the appellate court in *Dillie v. Bisby* (1985), 136 Ill. App. 3d 170 (petition for leave to appeal pending, No. 62501) is to nullify Supreme Court Rule 103(b). However, as stated by Chief Justice Ryan in *Kahle,* the purpose of section 13—217 is to protect the plaintiff from his loss of the right to relief on the merits because of some procedural defect.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.